1

2

3

4

5

6

7    b

8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   STEPHEN RAYMOND WHITE,              Case No. 17-cv-00752-BAS-AGS

12                          Plaintiff,   **ORDER:**

13          v.                           **(1) GRANTING DEFENDANT
                                             HOME DEPOT U.S.A., INC.'S
14   HOME DEPOT U.S.A. INC.,                 MOTION FOR SUMMARY
                                             JUDGMENT**
15
                            Defendant.       **[ECF No. 30];**
16
                                         **(2) DISMISSING COMPLAINT
17                                           WITH PREJUDICE**

18                                           **[ECF No. 1 Ex. A];**

19                                       **(3) DIRECTING ENTRY OF
                                             FINAL JUDGMENT
20                                           PURSUANT TO RULE 58;**

21                                           **AND**

22                                       **(4) CLOSING CASE**

23

24        This case concerns Plaintiff Stephen White's ("White") April 9, 2015

25   termination from his position as a Customer Order Specialist ("COS") by Defendant

26   Home Depot U.S.A., Inc. ("Home Depot") after some 24 years of employment.

27   White contends that Home Depot terminated him because of his age in violation of

28   California anti-discrimination law.  White raises several other claims concerning his

                                    – 1 –
                                                              17cv752

1   tenure with Home Depot, including harassment based on age, retaliation, wrongful

2   termination, defamation, and violations of California labor law.  Home Depot now

3   moves for summary judgment on all claims or, in the alternative, partial summary

4   judgment.  (ECF Nos. 30, 53.)  White opposes.  (ECF No. 42.)

5

6       The Court provided the parties with its tentative ruling to grant Home Depot's

7   motion in full and held oral argument on the motion. (ECF Nos. 57, 63.)  For the

8   reasons herein, the Court: (1) grants Home Depot's motion for summary judgment in

9   its entirety, (2) dismisses with prejudice White's claims in his Complaint, (3) directs

10  entry of final judgment in favor of Home Depot, and (4) closes this case.

11

12                      **RELEVANT BACKGROUND**[1]

13      Home Depot hired White on June 17, 1991.  (ECF No. 54 Joint Statement of

14  Undisputed Facts[2] ("JSUF") ¶ 1; ECF No. 45-1 Marie Mirch ("M. Mirch") Decl. ¶ 5

15

---

16      [1] The Court relies on the parties' joint statement of undisputed material facts to outline the
    relevant background as well as the parties' summary judgment submissions, as appropriate.  Home
17  Depot has raised evidentiary objections to many of White's submissions.  However, it is
    unnecessary to expressly rule on many of the objections because they would not alter the Court's
18  resolution of the summary judgment motion.  However, "to the extent that the Court relied on
    objected-to evidence, it relied only on admissible evidence and, therefore, the objections are
19  overruled."  *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal.
    2010).  To the extent it is necessary to address evidentiary objections, the Court does so as part of
20  its analysis of the parties' arguments.
21
       [2] In an attempt to comply with this Court's Standing Order for civil cases, Home Depot
22  filed a proposed joint statement of undisputed material facts with its reply in support of its motion
    for summary judgment on October 15, 2018.  (ECF No. 53-2.)  Home Depot expressly noted that
23  although its counsel had conferred with Marie Mirch, one of White's attorneys, about the need to
    file such a joint statement with the reply brief, she had not responded to Home Depot's proposed
24  joint statement by the time Home Depot's reply brief was due.  (ECF No. 53-1 James T. Conley
    Decl. ¶ 6; ECF No. 53-2 at 1 n.1.)  Two days later, the Joint Statement of Undisputed Facts was
25  filed and electronically signed by counsel for all parties, including Marie Mirch for herself and
    Kevin Mirch on behalf of White.  (ECF No. 54.)  The JSUF outlines undisputed facts, which are
26  all supported by citations to record evidence, including White's own deposition testimony.  (*Id.*)
    The JSUF is plainly not the same as the earlier draft submitted by Home Depot.  (*Compare* ECF
27  No. 53-2 (identifying 81 undisputed facts) *with* ECF No. 54 (identifying 61 undisputed facts).)

28

Ex. 1.)  During his entire tenure with Home Depot, White was always over 40 years old.  (JSUF ¶ 25; White Dep. at 26:01–03 (White "had just turned 40" before his 1991 hire).)  After nearly twenty years serving in other roles at Home Depot, White became a COS on January 3, 2011, a position he held until his termination.  (JSUF ¶¶ 18, 24; ECF No. 42 at 1 (statement by White's counsel that "[i]n 2011, White was promoted to a [COS].").)  Home Depot contends that it terminated White after determining he violated two "major rules" of the company.  White contends his age was the true reason.  Central to this dispute are White's COS duties, a workers' compensation claim White filed, White's COS performance reviews and disciplinary actions, and the rules violations.

*The COS Duties.*  At Home Depot, "[COS]s are primarily responsible for the timely and accurate fulfillment of all special order and installation projects from the initial sale through project completion[.]"  (Brown Decl. Ex. A at 15.)  The COS job description expressly enumerates certain duties, including: "provide[] proactive post-

_____

The Court relied on the actual JSUF in its tentative ruling.  (*See generally* ECF No. 57 (citing ECF No. 54).)  Nevertheless, over four and half months after the filing of the JSUF on the docket, Kevin Mirch argued at length during oral argument that the JSUF on which the Court relied was false because it was allegedly filed without the consent of both parties.  Marie Mirch represented that she did not recall receiving or consenting to the filing of the final JSUF.  However, Home Depot's counsel stated that Marie Mirch had agreed to the JSUF on which the Court relied.  The Court ordered Home Depot to file a declaration with proof of Marie Mirch's consent by the day after oral argument.  Home Depot did so.  (ECF No. 64, James T. Conley Decl.)  Most damningly to the representations by White's counsel at oral argument, Home Depot has provided proof that Marie Mirch expressly consented to the filing of the JSUF and affixture of her signature to the JSUF.  (*Id.* Ex. B at 35 ("Yes, you have my permission to affix my e-signature on the joint statement[.]") (email from Marie Mirch).)  Marie Mirch filed an affidavit hours after oral argument—and before Home Depot's filing—confirming that she consented to the filing of the JSUF on which the Court relied.  (ECF No. 62.)

The Court appreciates the *post-hoc* clarification from White's counsel.  Yet, the Court also believes it is necessary to underscore that counsel has a duty to ensure that its factual representations to the Court are accurate.  *See* Fed. R. Civ. P. 11(b)(3), (4).  A basic investigation into the circumstances surrounding the filing of the JSUF by Kevin Mirch—namely, by conferring with his co-counsel—would have obviated his unfounded claims of falsity during oral argument and the attendant waste of judicial time on a non-issue.

sale follow up" with customers and vendors, "maintain[] oversight on special orders and installs to ensure execution," and "respond[] to service provider/vendor . . . notes in a timely manner[.]"  (JSUF ¶ 19; Brown Decl. ¶ 3 Exs. A, B.)  White expressly recognizes that his job was to "work[] on customers complaints[.]"  (Compl. ¶ 25; White Dep. at 18:10–14 ("following up with customers on special orders" is "technically what we did"); *id*. at 19:12–14 ("We followed up with the customers to let them know what was going on.").)  White viewed the position "was a lot more work" than his prior Home Depot position and believed he was doing "about the job of five people."  (JSUF ¶ 20.)

*Worker's Compensation Claim.*  In December 2011, while in his COS position, White sustained an injury to his left foot or ankle while working and filed a claim for worker's compensation.  (JSUF ¶ 21.)  Ultimately, the claim was resolved in May 2014 with Home Depot agreeing to pay White some $9,700.  (JSUF ¶ 22.)  White, however, contends that two Home Depot employees, Carmona and Coronado "retaliated" against him because of his claim.  (JSUF ¶¶ 23, 61.)  White contends that Specialty Supervisor Carmona ordered him to perform certain work despite his doctor-imposed limitations.  (JSUF ¶ 51.)  After White complained to a Home Depot manager, Carmona was told to abide by the work restrictions.  (White Dep. at 45:5–9.)  White contends that Carmona did not like this response and "she gave negative reviews all the time."  (*Id*. at 45:10–16.)  White further contends that Operations Manager Melissa Coronado "retaliated" against him for filing the claim.  (JSUF ¶ 52; White Dep. 195:14–22; 197:5–7.)  Specifically, Coronado told White that he should not have gone to his own doctor for a work-related injury and, rather than completing White's paperwork for the claim, told White that a different assistant manager do so. (White Dep. at 198:17–199:9.)

*Performance Reviews and Disciplinary Actions.*  White received biannual

performance reviews, including as a COS. (JSUF ¶ 37.) Between September 24, 2012 and April 1, 2015, White received five performance reviews which rated his "overall performance" as "V" for "Valued Associate" and his promotion "Potential Code" as "2 - Well Positioned." (JSUF ¶¶ 27, 29, 32, 34, 36; ECF No. 30-1 Charles Brown Decl. ("Brown Decl.") ¶ 11 Exs. K, L, N, O, P.)[3] The reviews, however, also rated White with an "I" for "Improvement Needed" for certain categories, typically the "professionalism" and "time management" categories. (JSUF ¶¶ 26, 28, 31, 33, 35; Brown Decl. ¶ 11 Exs. K, L, N, O, P.) Several notes identified as areas for improvement White's response to "dealing with issues in a timely fashion" and "proactively provid[ing] consistent post-sale follow up on all special orders," commenting that "he picks and chooses which orders he will fix and take care of [.]" (Brown Decl. ¶ 11 Exs. K, L, M.) White's October 8, 2013 review rated him an "I" in six categories. (JSUF ¶ 30; Brown Decl. ¶ 11 Ex. M.) White did not agree with his "I" ratings. (White Decl. ¶¶ 23, 30.) Home Depot store managers and supervisors, including Carmona and Coronado, completed or approved these reviews. (Brown Decl. ¶ 11 Exs. K, L, M.)

During his final two years, White received several disciplinary notices.[4] Specifically, on March 7, 2013, Operations Assistant Store Manager Randy Phillips gave White a "coaching" Progressive Disciplinary Notice ("PDN") because "[w]ithin the last week there has [sic] been two incidents where Steve has provided poor customer service." (Brown Decl. ¶ 12 Ex Q.) White received another "coaching" PDN on December 16, 2014 for a similar reason. (Brown Decl. ¶ 12 Ex V.) White

---

[3] Home Depot's "Performance and Development Summary" uses three ratings for each review category and for an associate's overall rating: "O – Top Performer," "V- Valued Associate," and "I – Improvement Needed." (*See, e.g.,* Brown Decl. ¶ 11 Ex. K.) In addition, an associate receives a promotion "potential code" of "1 – Promotable" or "2 – Well Positioned." (*Id.*)

[4] Home Depot's PDNs range in severity from "coaching," "counseling," "final warning," to "termination." (ECF No. 30 at 6.)

– 5 –

received "counseling" PDNs on August 26, 2013 and October 4, 2013, for issues with orders, including his failure to follow up on "notes left to Steve that required immediate attention" resulting in delays over 45 days and his interactions with customers. (Brown Decl. ¶ 12 Exs. R, S.) White also received Manager's Notes regarding customer service and customer order issues, including notes dated August 14, 2014, March 10, 2015, and March 10, 2015. (Brown Decl. ¶ 12 Exs. W, X, Y.) White did not agree with the Manager's Notes or the disciplinary actions. (White Decl. ¶¶ 33, 35, ¶¶ 38–40, 42.)

***The Wine Cooler Purchase and First Major Rule Violation.*** In the months leading up to his termination, Home Depot determined that White had violated two major rules. The first major rule violation stemmed from Home Depot's Standard Operating Procedures ("SOP") ADM 06-30 policy, titled "Associate Purchases." (Brown Decl. ¶ 13 Ex. Z.) The policy stated in relevant part that "[a]ssociates . . . may buy marked down merchandise . . . only if: . . . the merchandise has been on display and available to regular customers for at least 24 hours at the same price the associate . . . is buying the merchandise for." (*Id.* at 178.) Home Depot determined that White violated this policy based on his February 3, 2015 purchase of a marked down wine cooler.

Angela Harris, an advisor in Home Depot's Associate Advice and Counsel Group ("AACG") based in Atlanta, Georgia, investigated the incident, interviewing White and ASM Lauren Donna. As part of the investigation, ASM Donna verified that White purchased the wine cooler only seven hours after it was marked down and apparently overheard White tell another Home Depot employee that he purchased the wine cooler "within 24 hours of it being on the floor." (JSUF ¶ 47; Brown Decl. ¶ 13; White Dep. at 250:02–252:16.) By February 10, 2015, AACG had determined that White had violated ADM 06-30 and sent a recommendation to Home Depot

Manager Rick Carpenter that White be placed on a "Final Warning." (JSUF ¶¶ 46–47; Brown Decl. ¶ 13 Ex. BB.) "Based on the Company's investigation," ASM Donna issued White the PDN on February 17, 2015, which stated that "Steve violated a major work rule violation under the Associate Purchases SOP" and warned that "Steve should refrain from further violations of the Standards of Performance. Further infractions will result in additional disciplinary action up to and including termination of employment." (Brown Decl. ¶ 13 Ex. AA.) White acknowledged the PDN. (*Id*.)

***Second Major Rule Violation and Termination***.  Two months after being placed on a "Final Warning" for the wine cooler purchase, Home Depot determined that White had committed a second "major rule" violation in the discharge of his COS duties.  Home Depot's Code of Conduct establishes that "disregarding a customer's needs . . . may individually or cumulatively result in termination of employment," particularly when an "associate does not follow up in a timely manner with customers[.]"  (JSUF ¶ 48; Brown Decl. ¶ 9 Ex. I.)  Home Depot determined that White failed to comport with this standard.

Specifically, on March 24, 2015, a customer complained to Carpenter about an overdue order the customer placed on January 24, 2015 and re-placed on February 16, 2015.  (ECF No. 30-2 David Nystrom Decl. ("Nystrom Decl.") ¶ 4.)  A note "was left in the system addressed to White requesting that he follow up on the order[.]" (*Id*.)  It appears that ASM Donna contacted AACG regarding White's failure to follow up on an order, which AACG decided to investigate.  (Nystrom Decl. Ex. B at 1.)

AACG manager Angela Wheeler investigated the incident, interviewing White on March 30, 2015 by phone, and communicating with SM Carpenter.  (Nystrom

Decl. ¶ 4, Ex B at 2–3, 10–11.)  The investigation culminated in an AACG report to ASM Carpenter on April 9, 2015, which concluded:

> [White] failed to follow up on an overdue order causing a customer complaint.  [White's] performance file indicates a continuous concern with updating and following up on orders in a timely manner.  [White] is on active final warning.  AACG recommends termination for the major work rule violation of Job Responsibilities SoP - Demonstrating a significant lack of attention to assigned duties and responsibilities.

(JSUF ¶ 49; Nystrom Decl. ¶ 6, Ex. B at 1.)  The investigation also concluded that ASM Donna "failed to follow up on the order," which for her was a "minor work rule violation of Customer Service SoP – Failing to take promised follow-up action."  (*Id.*)  AACG recommended a "coaching" to ASM Donna.  (*Id.*)

David Nystrom, an ASM at the Home Depot store where White worked, decided to terminate White after receiving AACG's recommendation.  (Nystrom Decl. ¶¶ 2, 6 Ex. A.)  White's April 9, 2015 termination notice, prepared by Nystrom, identifies the "reason" for the "action taken":

> Steve has demonstrated a lack of attention to customer orders.  he has been neglecting his primary job responsibilities of customer follow up and communicating with installers.  [O]n [M]arch 24th we received a customer care [sic] for order 923670[.]  After careful consideration of the facts by the AACG ticket number 19001426, it has been concluded that Steve's poor job performance will result in a termination.  Based on the Company's investigation, it has been determined that this performance fell below the standards expected for job performance.  (Nystrom Decl. ¶ 6 Ex. A.)

The PDN also contains an "Associate Comments" section, in which White commented, "I did not order the Merchandise for this customer AJ Smith did and she was also following up on this order as the notes show," but White would "have been

more than happy too [sic]" if Smith had asked. (*Id.*) White further commented that "[]Carmona the department head for the Millwork dept. when asked by our store manager to look into the order, went looking for any excuse to try and get me in trouble, because I was the expeditor for both Millwork and Flooring for the store[.]" (*Id.*) White "fel[t] the AASG [sic] dept. investigation is a farce also." (*Id.*)

**Procedural History.** White brought suit in California Superior Court for the County of San Diego on February 3, 2017, raising California state law claims against Home Depot for: (1) unpaid wages in violation of the California Labor Code, (ECF No. 1 Ex. A (Complaint) ¶¶ 34–41); (2) wrongful termination in violation of public policy, (*id.* ¶¶ 42–50); (3) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), (*id.* ¶¶ 51–58); (4) failure to prevent discrimination and retaliation in violation of FEHA, Cal. Gov't Code § 12904(k), (*id.* ¶¶ 59–67); (5) age discrimination in violation of FEHA, Cal. Gov't Code § 12941, (*id.* ¶¶ 68–80); (6) intentional infliction of emotional distress, (*id.* ¶¶ 81–86); (7) negligent infliction of emotional distress, (*id.* ¶¶ 87–88); (8) defamation, (*id.* ¶¶ 89–96); and (9) harassment in violation of FEHA, Cal. Gov't Code § 12940(j), (*id.* ¶¶ 97–104).[5] Home Depot removed the action to federal court on April 14, 2017 and answered the Complaint. (ECF Nos. 1, 5.) Home Depot moved for summary judgment on July 2, 2018. (ECF

---

[5] White's claims raised pursuant to FEHA are subject to an administrative exhaustion requirement. Specifically, "to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (quoting *Yurick v. Superior Court*, 257 Cal. Rptr. 665 (Cal. Ct. App. 1989)). "Exhaustion in this context requires filing a written charge with DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue." *Id.* Thus, "[a] plaintiff suing for violations of FEHA ordinarily cannot recover for acts occurring more than one year before the filing of the DFEH complaint." *Jumaane v. City of Los Angeles*, 194 Cal. Rptr. 3d 689, 697 (Cal. Ct. App. 2015); Cal. Gov. Code § 12960(d). Although White alleges in the Complaint that he obtained a right to sue letter from the DFEH on February 3, 2016 (Compl. ¶ 34), there is no evidence in the record of White's filing of a complaint with the DFEH for any of his FEHA causes of action or the issuance of a right to sue letter. The absence of such evidence raises questions about whether any of White's FEHA claims are properly raised in this action.

– 9 –

17cv752

No. 30.)  After various requests to extend White's July 30, 2018 deadline to oppose, White filed an opposition on October 5, 2018 and briefing was completed on October 15, 2018.  (ECF Nos. 42, 53.)

On January 23, 2019, the Court provided the parties with its tentative written ruling to grant Home Depot's motion in full.  (ECF No. 57.)  The Court ordered oral argument on the motion and the tentative ruling, which was held on March 11, 2019. (ECF Nos. 57, 63.)  During oral argument, instead of identifying actual triable issues of fact that would preclude summary judgment on any claim, White's counsel primarily focused on issues and arguments that bore little relation to the issues in this case or the Court's tentative ruling.[6]  Accordingly, the Court turns to the merits of the motion of summary judgment with little in its tentative ruling changed.

## LEGAL STANDARD

Summary judgment is proper on "each claim" "or the part of each claim" on which summary judgment is sought when "there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it might affect the outcome of the suit under the governing law, and a dispute is "genuine" if there is sufficient evidence for a

---

[6] Specifically, the arguments of White's counsel consisted of hard-to-follow ramblings about consent decrees for Home Depot and alleged hazmat problems.  As the Court indicated at oral argument, White's Complaint does not address any of these issues.  (*See* ECF No. 1 Ex. A.)  Counsel indicated that he would amend the Complaint to raise these issues.  Under Rule 15, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  But a district court properly denies leave to amend "when it [would] cause undue prejudice to the defendant, or when it is sought in bad faith."  *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).  Counsel's request is plainly made in bad faith and would prejudice Home Depot because fact discovery is closed and counsel's request was made solely to defeat summary judgment.  *Lockheed Martin Corp. v. Network Sols. Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that seeking leave to amend in light of an opposing party's pending summary judgment motion not only indicated bad faith for the party requesting amendment, but would also prejudice the opposing party); *Solomon v. N. Am. Life & Cas. Ins.* Co., 151 F.3d 1132, 1139 (9th Cir. 1998) ("Allowing the motion would have required re-opening discovery, thus delaying the proceedings.").  The Court denies counsel's belated request.

reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court's role at summary judgment "is to isolate and dispose of factually unsupported claims" so that they are "prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 328 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court does not make credibility determinations or weigh conflicting evidence, but instead views the evidence and draws all reasonable inferences in favor of the opposing party. *See Anderson*, 477 U.S. at 255.

The moving party has the initial burden of demonstrating the absence of a genuine factual dispute. *Celotex Corp.*, 477 U.S. at 323. A movant satisfies its initial burden by affirmatively negating the nonmoving party's claim or by demonstrating that the nonmoving party is unable to prove an essential element of the claim. *Id.* at 322–33; *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015); *see also* J. Friedenthal, M. Kane, & A. Miller, *Civil Procedure* § 9.3, p. 457, n.81 (5th ed. 2015). To meet this burden, a party cites to depositions, affidavits or declarations, interrogatory answers, or other materials in the record. Fed. R. Civ. P. 56(c)(1). When the moving party meets its burden, the nonmoving party must go beyond the pleadings and, by its own evidence or by citing appropriate materials in the record, show by sufficient evidence that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324; *see also S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982) ("[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda.") (citations omitted).

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* A "scintilla of evidence" in support of the nonmoving party's position is insufficient, rather "there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. 242 at 252.

## DISCUSSION[7]

### A.    FEHA Age Discrimination Claim

White alleges that he "was terminated, because of his age" in violation of FEHA. (Compl. ¶¶ 68–80.) FEHA makes it an unlawful "[f]or an employer, because of . . . age . . . to discharge the person from employment[.]" Cal. Gov't Code § 12940(a). California courts look to federal cases interpreting the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, to interpret and apply FEHA. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1996); *Juell v. Forest Pharms.,*

---

[7] In its summary judgment motion, Home Depot passingly contends that White was an "at-will" employee. (ECF No. 30 at 1–2.) Whether an employee is at-will is relevant to a breach of an implied contract claim arising from an employee's alleged termination without good cause. *See Riordan v. Fed. Express Corp.*, No. 1:04-cv-6568-OWW-DLB, 2008 WL 3166524, at *20–24 (E.D. Cal. Aug. 4, 2008); *Davis v. Consolidated Freightways*, 34 Cal. Rptr. 2d 438 (Cal. Ct. App. 1994). But, as Home Depot acknowledges, White has not pleaded a breach of implied contract claim. (ECF No. 53 at 2; *see also* Compl.) Such a claim therefore is not before the Court on summary judgment. Moreover, even if Home Depot is correct that White was an at-will employee, at-will employees cannot be fired as a result of unlawful discrimination. *See, e.g., Scott v. Pac. Gas & Elec. Co.*, 904 P.2d 834 (Cal. 1995); *Stephens v. Coldwell Banker Commercial Grp. Inc.*, 245 Cal. Rptr. 606 (Cal. Ct. App. 1988). Home Depot would not be able to thwart claims of age discrimination simply because an employee is at-will.

*Inc.*, 456 F. Supp. 2d 1141, 1149 (E.D. Cal. 2006). In doing so, California courts have adopted the three-step *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973) framework for assessing employment discrimination claims based on disparate treatment. *Guz v. Bechtel Nat'l Inc*., 8 P.3d 1089, 1113 (Cal. 2000); *Trop v. Sony Pictures Entm't, Inc*., 29 Cal. Rptr. 3d 144, 152 (Cal. Ct. App. 2005). Application of the framework turns on how a plaintiff seeks to prove his claim, *i.e.* direct or indirect evidence. *Enlow v. Salem-Keizer Yellow Cab Co., Inc*., 389 F.3d 802, 812 (9th Cir. 2004); *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985); *Cozzi v. Cty. of Marin*, 787 F. Supp. 2d 1047, 1057 (N.D. Cal. 2011).

The *McDonnell Douglas* framework does not apply when a plaintiff premises his discrimination claim on direct evidence. *Trop*, 29 Cal. Rptr. 3d at 152–53 ("The United States Supreme Court has held . . . that 'the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination.'" (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985)). Direct evidence is "evidence, which, if believed, proves the fact of discriminatory animus without inference or presumption[.]" *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1038 (9th Cir. 2005); *Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 664 (Cal. Ct. App. 2000). "[W]here a plaintiff offers direct evidence of discrimination that is believed by the trier of fact, the defendant can avoid liability only by proving the plaintiff would have been subjected to the same employment decision without reference to the unlawful factor." *Trop*, 29 Cal. Rptr. 3d at 152; *Morgan*, 105 Cal. Rptr. 2d at 664.

Because direct evidence of discrimination may rarely exist, the *McDonnell Douglas* framework recognizes that discrimination "claims must usually be proved circumstantially[.]" *Guz*, 8 P.3d at 1113; *Trop*, 29 Cal. Rptr. 3d at 152. Pursuant to the *McDonnell Douglas* framework, (1) the plaintiff must first establish a *prima facie*

case of discrimination; if the plaintiff does so, (2) then the employer must offer a legitimate, nondiscriminatory reason for its action; and, if the employer does so, (3) then the plaintiff must show through "substantial responsive evidence" that employer's reason is untrue or pretext for discrimination. *Guz*, 8 P.3d at 1113; *see also Sako v. Wells Fargo Bank, N.A.*, No. 14-cv-1034-GPC-JMA, 2015 WL 5022307, at *8 (S.D. Cal. Aug. 21, 2015) (quoting *Loggins v. Kaiser Permanente Int'l*, 60 Cal. Rptr. 3d 45, 52 (Cal. Ct. App. 2007)). Through these "successive steps of increasingly narrow focus, the test allows discrimination to be inferred from facts that create a reasonable likelihood of bias[.]" *Guz*, 8 P.3d at 1113; *Morgan*, 105 Cal. Rptr. 2d at 665 (citations omitted); *Trop*, 29 Cal. Rptr. 3d at 152. The framework "is flexible and adaptable to each case's unique facts." *Cozzi*, 787 F. Supp. 2d at 1057 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 n.6 (1981)).

The *McDonnell Douglas* framework is modified when the employer moves for summary judgment. "[T]he employer, as the moving party, has the initial burden to present admissible evidence showing *either* that one or more elements of plaintiff's *prima facie* case is lacking *or* that the adverse employment action was based upon legitimate, nondiscriminatory factors." *Serri v. Santa Clara Univ.*, 172 Cal. Rptr. 3d 732, 759 (Cal. Ct. App. 2014) (internal quotation omitted) (emphasis added). "[T]he ultimate burden of persuasion remains with the plaintiff" to show unlawful discrimination. *Juell*, 456 F. Supp. 2d at 1150 (citing *Burdine*, 450 U.S. at 253).

### 1. White Lacks Direct Evidence of Age Discrimination

The Court first considers whether White has proffered direct evidence of age discrimination. White argues that he has evidence of discriminatory animus because "comments were made to [him] about older people." (ECF No. 42 at 11.) He identifies a comment made to him in March 2015 after he called in sick because he had "thrown out his back." (*Id.*; White Dep. at 29:16–23.) At some point thereafter,

ASM Donna remarked, "Oh, you old men and your back problems." (White Dep. at 29:17–23; 30:1–14.) White further contends that other individuals at Home Depot said that he had a "bad back" and "we've got the bunch of older employees that have back issues" and "[w]e need to keep an eye on them." (*Id*. at 30:22–31:7.) These remarks and statements are not clearly ageist, nor do they directly show discrimination motivated his termination.

Courts have found direct evidence of age discrimination when alleged statements reflect directly on a plaintiff's age and his employment. *See, e.g., McDonald v. Union Camp Corp*., 898 F.2d 1155, 1162 (6th Cir. 1990) (older employee told he could be "cheaply replaced with a younger salesman"); *Corbin v. Southland Int'l Trucks*, 25 F.3d 1545, 1549 (11th Cir. 1994) ("at your age you cannot produce like you once could, and we are going to have to make some kind of adjustment"). But isolated references to "old men" are akin to statements found insufficient to constitute either direct or even circumstantial evidence of age discrimination. *See Nidds*, 113 F.3d at 918–19 (finding insufficient "old timers" comment allegedly made as evidence of discriminatory motive); *Nesbit v. Pepsico, Inc*., 994 F.2d 703, 705 (9th Cir. 1993) (finding insufficient comment that "we don't necessarily like grey hair"); *Rose v. Wells Fargo & Co*., 902 F.2d 1417, 1420–21 (9th Cir. 1990) ("old-boy network" did not support inference of discriminatory motive).

The statement regarding "keeping an eye" on older employees with "bad backs" is also too ambiguous to constitute direct evidence of discrimination. *See McClain v. Cty. of Clark*, 585 Fed App'x 410 (9th Cir. 2014) (unpublished) (isolated references to the plaintiff as an "old dog" and a "crazy Canadian" were not direct evidence of discriminatory motive); *Wexler v. Jensen Pharms., Inc*., No. CV 15-03518-AB (AJWx), 2016 WL 6594106, at *9 (C.D. Cal. July 25, 2016) (finding "it is a stretch to say" that comment that "older reps were the hardest reps to train, were

most challenging" reflects discriminatory animus), *aff'd by*, *Wexler v. Jensen Pharms., Inc.*, 739 Fed. App'x 911, 913 (9th Cir. 2018).[8] Although White suggests in his opposition brief that the statement is discriminatory, his deposition testimony provides context that does not indicate discriminatory intent. White specifically elaborated that Home Depot developed a program "for doing stretches and exercises in the store" so that "we don't end up with some back injuries" and to make sure employees were "lifting properly." (White Dep. at 32:2–11.) This context from White cannot show discriminatory intent in an ambiguous statement. *See Razo v. Timec Co.*, No. 15-cv-03414-MEJ, 2016 WL 6576625, at *14 (N.D. Cal. Nov. 7, 2016) (context plaintiff provided for ambiguous comments meant such comments did not constitute evidence of discrimination).

Assuming *arguendo* that White has identified comments that might show discriminatory animus, he fails to argue or show they have a causal connection to his termination. "[S]ection 12940(a) does not purport to outlaw discriminatory thoughts,

---

[8] White's counsel also suggests there is evidence of age discrimination based on White's testimony that "other ASMs" told him "Oh, we know how much you make, you know. And we could get two people for what we pay you." (ECF No. 42 at 11; White Dep. at 357:15–17.) This statement does not directly speak to White's age, nor is it, without more, circumstantial evidence of age discrimination. White's deposition reflects pay increases over the course of his 24 years of service with Home Depot—service he completed *while always over the age of 40*. (White Dep. at 11:19–20:23 (beginning pay was $12.75 per hour and final rate was $25.05 per hour).) An employer's desire to terminate an employee because of his years of service may be age-related, but it does not equate to a decision to terminate an employee on the basis of age. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612–13 (1993) ("[B]ecause age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age based'"); *Turney v. Beltservice Corp.*, No. 95-35063, 92 F.3d 1194, 1996 U.S. App. LEXIS 19820, at *2 (9th Cir. Aug. 2, 1996) (unpublished) (relying on *Hazen* to find that terminating an employee because he has a higher salary due to his years of service does not equate to a decision to terminate on the basis of age); *Conwright v. City of Oakland*, No. 09-2572-THE, 2012 WL 174843, at *9 (N.D. Cal. Jan. 20, 2012) (granting summary judgment because "even if, as [plaintiff] contends, she was treated differently because she was eligible for retirement based on her years of service, that does not, in the absence of any additional evidence—which [plaintiff] fails to present—establish disparate treatment based on age.").

beliefs, or stray remarks *that are unconnected to employment decisionmaking.*" *Harris v. City of Santa Monica*, 294 P.3d 49, 65 (Cal. 2013) (emphasis added). "Comments demonstrating discriminatory animus may be found to be direct evidence *if there is evidence of a causal relationship* between the comments and the adverse job action at issue." *DeJung v. Superior Court*, 87 Cal. Rptr. 3d 99, 111 (Cal. Ct. App. 2008) (emphasis added). White, however, does not link any comment with the decision-making process that resulted in his termination. And despite identifying ASM Donna, White does not provide evidence that ASM Donna was "closely involved" in the decision to terminate him or that her comments were made in the context of that decision-making process. *See Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir. 1991) (observing that comments uttered by individuals closely involved in employment decisions could constitute direct evidence of discrimination). White has failed to provide direct evidence of age discrimination.[9]

### 2. Application of *McDonnell Douglas* Framework
#### a. *Prima Facie* Showing of Age Discrimination

With no direct evidence, the Court turns to the *McDonnell Douglas* framework. At the first step, a plaintiff must make a *prima facie* showing of discrimination by showing that: "(1) he was a member of a protected class, (2) . . . he was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination [], and (4) some other circumstance suggests discriminatory motive." *Guz*, 8 P.3d at 1113; *see also Sneddon v. ABF Freight Sys.*, 489 F. Supp. 2d 1124, 1129 (S.D. Cal. 2007). A *prima facie* showing is "only a minimal burden"

---

[9] To the extent White seeks to rely on these remarks as circumstantial evidence of discrimination, the Court finds the evidence too weak to withstand summary judgment. *See Nesbit*, 994 F.2d at 705 (employer's comment about the plaintiff's "grey hair" was "weak circumstantial evidence of . . . animus."); *Culver v. Qwest Commc'n Corp.*, No. 05-CV-1720-HU, 2007 WL 963446, at *13 (D. Or. Mar. 23, 2007) (concluding "that a plaintiff's evidence of discrimination was not "specific and substantial" because "it consist[ed] of stray remarks . . . which [were] ambiguous and unconnected to the termination decision"). Accordingly, the Court does not further address this evidence.

and, at the summary judgment stage, need not rise to the level of a preponderance of the evidence standard that would apply at trial. *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002); *Sneddon*, 489 F. Supp. 2d at 1129 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). But however "minimal" it may be, "a plaintiff must offer evidence that 'gives rise to an inference of unlawful discrimination.'" *Nidds*, 113 F.3d at 917 (quoting *Sischo-Nownejad v. Merced Cmty. College Dist.*, 934 F.2d 1104, 1110 (9th Cir. 1991)).

### i.     The First and Third Elements Are Not Disputed

White was 40 years old when Home Depot hired him in 1991. (White Dep. at 26:01–03.) Thus, at all relevant times during his employment, he was in a protected age category for the purposes of a *prima facie* showing. *See Mundy v. Household Fin. Corp.*, 885 F.2d 542, 545 (9th Cir. 1989) (being over age of 40 establishes membership in protected age group). It is also undisputed that White was terminated from Home Depot and White's termination is the relevant adverse employment action. Thus, the parties principally focus on whether White has shown he was performing competently in his Home Depot position or has sufficient circumstantial evidence of discrimination.

### ii.     There is Adequate Evidence for the Second Element

Home Depot argues that White cannot establish the third element of a *prima facie* showing "because he cannot show he was performing competently in his position." (ECF No. 30 at 12.) Home Depot points to White's "Improvement Needed" ratings in his performance reviews, the PDNs and Manager's Notes, as well as the rules violations. White, however, contends that he was performing competently and points to his entire record at Home Depot, several emails from customers, as well as his overall rating in all but one of the same performance reviews

on which Home Depot relies during his time as a COS.[10]  (ECF No. 42 at 3 (citing M. Mirch Decl. Exs. 1–19, 22).)

Even if White performed competently in his earlier positions at Home Depot, the relevant issue is whether White was performing competently *in the role which he held* at the time he was terminated.  *See Guz*, 8 P.3d at 1113; *see also Sneddon*, 489 F. Supp. 2d at 1129.  White's reliance on his earlier performance evaluations is therefore unavailing.  Earlier positive ratings "do[ ] not demonstrate that plaintiff's performance was necessarily adequate or competent" later, when he was terminated. *Sneddon*, 489 F. Supp. 2d at 1129–1130 (granting motion for summary judgment, finding that 2002 and 2003 performance reviews with no "needs improvement" ratings do not show that plaintiff was performing competently in 2004 when he received 17 "needs improvement" ratings).  Thus, White's pre-COS evaluations do not impact whether White can establish a *prima facie* case of age discrimination.

Focusing solely on White's COS position, the Court nevertheless finds there is sufficient evidence for White to satisfy the second element in light of the "very little" evidence a plaintiff must provide at the summary judgment stage to make a

---

[10] Amongst many arguments about why White received "I" ratings, White's counsel contends that the performance review in which White received an overall "I" rating resulted because Specialty Supervisor Carmona "disliked White."  (ECF No. 42 at 4.)  White also objects to the disciplinary notices, manager's notes, and all "I' ratings in the performance evaluations Home Depot submitted.  (White Decl. ¶¶ 30–35.)  He contends that they are not "supported by specific factual scenarios," are "false," and argues that because "net revenues and net income" for Home Depot in the San Diego region "were growing" during the time of these evaluations, he could not have been performing poorly.  (*Id.* ¶¶ 30, 33.)  Tellingly, neither White, nor his counsel, argues or provides evidence that that the "I" ratings, manager's notes, or disciplinary notices were because of his age or that similarly situated employees of a younger age were evaluated differently.  Thus, none of these contentions and objections suggest or raise an inference of age discrimination.  *See McGill v. Comcast Cable Comm'cns. Mgmt., LLC*, No. 16-cv-05202-NC, 2017 WL 4877449, at *7 (N.D. Cal. Oct. 30, 2017); *Castillo v. Garrett*, No. 1:13-cv-00412-LJO-BAM, 2014 WL 4792585, at *7 (E.D. Cal. Sept. 24, 2014) (plaintiff provided no evidence to support his contention that he received negative performance evaluations and warnings because of his race, color, and national origin).

– 19 –

*prima facie* showing.  *Lyons*, 307 F.3d at 1113; *Derr v. Footlocker, Inc.*, No. 04-9523 FMC (Ex), 2006 U.S. Dist. LEXIS 15317, at *16 (C.D. Cal. Mar. 9, 2006) (finding that although defendant pointed to plaintiff's performance and ratings, the record also indicated that plaintiff's performance ranged from satisfactory to strong such that there was a genuine dispute).  Accordingly, summary judgment is not warranted on this *prima facie* element.

### iii.    Home Depot Has Not Negated the Fourth Element

Home Depot also moves for summary judgment on the ground that White cannot establish the fourth element of a *prima facie* showing.  In age discrimination cases, the fourth element typically "requires that [the] plaintiff show he was replaced by a substantially younger person" with equal or inferior qualifications.  *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citation omitted); *Sneddon*, 489 F. Supp. 2d at 1129 (citing *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 142–143 (2000); *Begnal v. Canfield & Associates, Inc.*, 92 Cal. Rptr. 2d 611 (Cal. Ct. App. 2000)).[11]  Alternatively, a plaintiff may instead make a *prima facie* showing by providing evidence that he was "discharged under circumstances otherwise giving rise to an inference of age discrimination."  *Diaz*, 521 F.3d at 1207; *Cowboy v. Zinke*, No. CV-16-08094-PCT-DGC, 2018 WL 619722, at *7, 8 (D. Ariz. Jan. 30, 2018) (criticizing defendant for contending that plaintiff

_____

[11] The Complaint does not allege that White was replaced by a younger employee, which undermines White's *prima facie* showing of age discrimination based on the pleadings alone. *Compare Ravel v. Hewlett-Packard Enter.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (plaintiff failed to allege he was replaced by younger employee) *with Brazill v. Cal. Northstate College of Pharm., LLC*, 904 F. Supp. 2d 1047, 1053 (E.D. Cal. 2012) (finding adequate allegation that plaintiff was replaced by an employee ten years younger than him).  White's summary judgment opposition underscores the deficiency in his *prima facie* showing by failing to provide any evidence that he was replaced by a younger employee.  *See Haynes v. Home Depot U.S.A., Inc.*, No. 15-cv-1038-CAB-JLB, 2016 U.S. Dist. LEXIS 194284, at *36 (S.D. Cal. May 5, 2016).  However, Home Depot never moved to dismiss White's age discrimination claim on the pleadings and, as the summary judgment movant, faces the initial burden of negating White's ability to make a *prima facie* showing.

could establish fourth element only with evidence he was replaced by a younger employee); *Derr*, 2006 U.S. Dist. LEXIS 15317, at *16 (same).

As the Court has explained, California courts modify application of the *McDonnell Douglas* framework when an employer moves for summary judgment such that Home Depot has the initial burden to negate a *prima facie* showing. *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) ("[W]hen an employer moves for summary judgment [on a FEHA claim]. the burden is reversed because the defendant who seeks summary judgment bears the initial burden."); *Carr v. Home Depot U.S.A., Inc.*, No. 17-cv-1377 JM (JLB), 2018 WL 2329673, at *3 (S.D. Cal. May 22, 2018); *Serri*, 172 Cal. Rptr. at 759. Home Depot argues solely that White cannot show discriminatory motive on the basis of a comment by "one of his supervisors, on one occasion" about "you old men and your back problems." (ECF No. 30 at 12 (citing White Dep. at 29:17–33:23).) Although the Court agrees that such a comment is neither direct nor circumstantial evidence of age discrimination, Home Depot does not provide any evidence regarding whether White was replaced and, if so, whether the replacement was a younger employee with equal or inferior qualifications—evidence uniquely within Home Depot's province as the former employer. The Court must therefore conclude that Home Depot has failed to meet its summary judgment burden to negate a *prima facie* case of age discrimination. *See Contreras v. George L. Mee Mem. Hosp.*, No. 15-cv-03963-BLF, 2017 WL 2955748, at *6 (N.D. Cal. July 11, 2017) (defendant failed to negate a *prima facie* case of age discrimination given that "the Hospital has not provided any admissible evidence regarding [plaintiff's] replacement").

### b. Legitimate, Nondiscriminatory Reasons for Termination

Assuming a *prima facie* showing of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's

discharge. *McDonnell Douglas*, 411 U.S. at 802. "'[L]egitimate reasons in this context are reasons that are *facially unrelated* to prohibited bias, and which, *if true*, would . . . preclude a finding of discrimination," such as "a failure to meet performance standards[.]" *Serri*, 172 Cal. Rptr. 3d at 759 (citing *Trop*, 29 Cal. Rptr. 3d at 144)) (emphasis added). Violation of company policies, or an employer's honest belief that an employee has done so, is a legitimate, nondiscriminatory reason for the employee's termination. *Neumeyer v. Wawanesa General Ins. Co*., No. 14cv181–MMA (RBB), 2015 WL 1924981, at *13 (S.D. Cal. Apr. 24, 2015); *Day v. Sears Holdings Corp*., 930 F. Supp. 2d 1146, 1170 (C.D. Cal. 2013); *Elmore v. New Albertson's, Inc*., No. CV 11-04802-ODW (JCx), 2012 WL 3542537, at *4 (C.D. Cal. Aug. 15, 2012) ("Albertson's has provided a legitimate, nondiscriminatory reason for Elmore's termination. Specifically, Elmore violated Albertson's company policy through her conduct."); *Rezentes v. Sears, Roebuck & Co*., 729 F. Supp. 2d 1197, 1205 (D. Haw. 2010) ("Sears may have 'honestly believed' that Rezentes violated company policy and then lied about her actions. Firing an employee because of honesty and integrity concerns is a legitimate, nondiscriminatory reason for a termination.").

Home Depot argues "it is undisputed that [it] can articulate a legitimate, nondiscriminatory reason for its actions," specifically, White violated two major work rules. (ECF No. 30 at 13–16.) First, Home Depot determined through an AACG investigation that White purchased a marked down wine cooler on February 3, 2015 in violation of Home Depot's policy on associate purchases of marked down merchandise. (JSUF ¶¶ 46–47; Brown Decl. ¶ 13 Ex Z, BB.) White was placed on a "Final Warning" as a result of the AACG's investigation. (JSUF ¶ 47; Brown Decl. ¶ 13 Ex AA.) Second, Home Depot determined through an AACG investigation that White failed to follow up on a customer order that was originally placed on January 24, 2015 and re-placed on February 16, 2015, in dereliction of his COS duties. (JSUF

¶ 48; Brown Decl. ¶ 9 Ex. I; Nystrom Decl. ¶¶ 2, 4, 6, Exs. A, B.)  In light of his placement on active "Final Warning," the AACG recommended White's termination for this conduct.

The Court concludes that Home Depot has provided sufficient evidence that White was terminated for reasons which, if true, constitute legitimate, nondiscriminatory reasons for his termination.  Accordingly, the burden shifts to White to demonstrate that Home Depot's proffered reasons are untrue or are pretext.

### c.    Pretext for Age Discrimination

White bears a particular burden at the third *McDonnell Douglas* step: "[w]hen evidence of pretext is circumstantial, rather than direct," as in this case, "the plaintiff must produce 'specific' and 'substantial' facts to create a triable issue of pretext." *Godwin v. Hunt Wesson, Inc*., 150 F.3d 1217, 1222 (9th Cir. 1998); *Wynes v. Kaiser Permanente Hosps*., 936 F. Supp. 2d 1171. (E.D. Cal. 2013); *Serri*, 172 Cal. Rptr. 3d at 759–60.  Evidence of pretext is considered cumulatively.  *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1129 (9th Cir. 2000).  An employer's nondiscriminatory reason is not rebutted where "the employee simply show[s] the employer's decision was wrong, mistaken, or unwise."  *Horn v. Cushman & Wakefield W., Inc*., 85 Cal. Rptr. 2d 459, 466 (Cal. Ct. App. 1999).  Rather, a plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, . . . and hence infer that the employer did not act for the [ . . . asserted] non-discriminatory reasons." *Morgan*, 105 Cal. Rptr. 2d at 670.  The ultimate issue is whether a reasonable trier of fact could find that it is "more likely than not that [defendant's] actions were based on a prohibited discriminatory criterion."  *Guz*, 8 P.3d at 1113.  "In short, [a plaintiff] must produce sufficient evidence to allow a jury to conclude that age was a

'substantial motivating factor' in his termination." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017).

### i.     Specific Issues with Rule Violations

White attempts to show pretext by taking issue with Home Depot's determinations that he committed two major rule violations. In addressing White's arguments, the Court is mindful that "'[t]he [anti-discrimination law] was not intended as a vehicle for the general judicial review of business decisions.'" *Nasser v. AT & T Corp.*, No. C 05-5426 PJH, 2007 WL 1119203, at *8 (N.D. Cal. Apr. 16, 2007), *aff'd by*, 307 Fed. App'x 103 (9th Cir. 2009) (quoting *Phipps v. Gary Drilling Co*., 722 F. Supp. 615, 620 (E.D. Cal. 1989)). Nor is *McDonnell-Douglas* "a device which permits the jury to examine an employer's reasons for discharge and determine that the employer's business judgment or policies do not appeal to its sensibilities." *Phipps*, 722 F. Supp. at 621 (quoting *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556 (5th Cir. 1983)); *see also Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000) ("We do not sit as a superpersonnel department that reexamines an entity's business decision and reviews the propriety of the decision.").

***Associate Purchases Policy.*** First, White takes issue with the determination that he violated Home Depot's Associate Purchases Policy on marked down merchandise. He repeatedly contends that he was unaware of the policy and believed that it was permissible for him to purchase the wine cooler when he did. (ECF No. 42 at 5; White Dep. at 82:1–15, 83:1–11, 251:2–17, 252:9–13; 259:9–11.) White further contends that his direct supervisor, ASM Donna, was unaware of the policy. (ECF No. 42 at 5.) But whether White was aware of the policy or maintained a different belief about what Home Depot policy permitted, White does not controvert the record evidence that Home Depot determined that he had violated the Associate Purchases Policy. "An employee is not protected by [anti-discrimination law] when

he violates legitimate company rules[.]" *Unt v. Aerospace Cor.*, 765 F.2d 1440, 1446 (9th Cir. 1985).[12] Even if White did not know about the policy at the time of his violation, "[Home Depot's] conduct attempt[ed] to correct Plaintiff's unsupported understanding of company policy and practice, which in this instance was a final warning[.]" *Sorensen v. AMTRAK*, No. ED CV 16-01343-AB (JPRx), 2017 WL 6550426, at *11 (C.D. Cal. Sept. 27, 2017). White's lack of awareness of the policy cannot give rise to an inference of age discrimination simply because Home Depot determined he violated a company policy.

White also contends that his termination notice does not refer to his wine cooler purchase, but rather "poor customer service" although White understood his termination resulted from the purchase. (ECF No. 42 at 5.) The Court takes White to argue that Home Depot has changed its justifications for his termination. "[F]undamentally different justifications for an employer's action would give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that neither of the official reasons was the true reason." *Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993). The record, however, does not support White's suggestion. White's termination notice refers to the "[c]ompany's investigation" and identifies the ticket number for the AACG investigation report which recommended White's termination based on his failure to discharge his duties in light of White's

---

[12] White also suggests pretext because another "Home Depot employee named Paul, went out of his way to make sure that I knew about the sale," and "Paul and most employees at The Home Depot store in question . . . knew that one of my hobbies was collecting fine wines." (White Decl. ¶¶ 7–12, 14–17.) Even accepting White's statements regarding Paul as true, the Court fails to see what legal difference it makes. White concededly purchased the wine cooler—not Paul— and it is White's purchase which violated a Home Depot policy that the Court has no occasion to find is illegitimate. *Unt*, 765 F.2d at 1446. White does not claim that "Paul" had any role in the decisional process to discipline White or to ultimately terminate him. Thus, White's declaration regarding the events leading up to his purchase of the wine cooler is not "substantial" and "specific" evidence of pretext for Home Depot's termination of White. *See Godwin*, 150 F.3d at 1222.

placement on "active final Warning." (Nystrom Decl. Ex. A at 6; Ex. B at 9.) It is undisputed that White was on a Final Warning because of the conclusion that he violated Home Depot's Associate Purchases Policy. Thus, White has not provided evidence of "the sort of 'substantial changes over time in the employer's proffered reason for its employment decision [which] support a finding of pretext.'" *Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, (N.D. Cal. 2015) (quoting *Sanchez v. Corr. Corp. of Am.*, No. 06-0152, 2007 WL 1390675, *12 (E.D. Cal. May 9, 2007)).

**Failure to Follow-Up on Customer Order Note.** Second, White takes issue with the conclusion that he committed a second major rule violation by failing to follow up on a customer order. Home Depot and White do not dispute that White did not place the initial order with the customer. (ECF No. 42 at 6.) The basis for the determination that White committed a major rule violation, however, arose from the determination that White did not follow up on the order after another Home Depot employee left a note for him to do so. (Nystrom Decl. ¶ 6 Ex. B.)[13] Although White's counsel makes a slew of factual assertions regarding the determination that White failed to follow up on the note, including by intimating that no note even existed, White's counsel cites no evidence to support these bare assertions. (ECF No. 42 at 6.) Counsel's mere assertions in opposition to summary judgment cannot create a triable issue of fact. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982) ("[A] party cannot manufacture a genuine issue of material fact by merely making assertions in its legal memoranda"); *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1278

---

[13] White appears to suggest that the fact that he did not place the order can give rise to an inference of age discrimination. (ECF No. 42 at 6.) However, White does not dispute that his COS position duties expressly covered proactively responding to customer complaints. (ECF No. 42 at 1–2; JSUF ¶ 19; White Dep. 243:16–20.) Absent from the COS duties is a condition that White must have placed the order with a customer. (*See generally* Brown Decl. Exs. A, B.) To the contrary, the record reveals that the core function of the position was customer service.

(S.D. Cal. 2018) (same).

In any event, the relevant issue is not whether Home Depot can prove there was a note that White failed to follow up on, but rather whether Home Depot had a good faith belief that White failed to do so in violation of his COS duties such that it believed in good faith his termination was warranted. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("In judging whether [defendant's] proffered reasons were 'false,' it is not important whether they were *objectively* false (*e.g.* whether [defendant] *actually* lied). Rather, courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.") (emphasis in original). Home Depot has produced evidence showing a good faith belief that White committed a second major rule violation that warranted his termination in light of his Final Warning status. That White disagrees with whether he should have been terminated based on the underlying conduct is insufficient. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006) (a plaintiff's subjective belief that his termination was unnecessary or unwarranted is not sufficient to create a genuine issue of material fact).

White also argues that Home Depot's treatment of ASM Donna regarding the same incident is "proof of discrimination." (ECF No. 42 at 6.) Home Depot determined that ASM Donna committed a "minor rule violation" whereas White committed a "major rule violation" by failing to follow up on the order. "A plaintiff may raise a triable issue of pretext through comparative evidence that the employer treated . . . similarly situated employees more favorably than the plaintiff." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011). But a plaintiff must show that he is "similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). White's and ASM Donna's alleged rule violations, however, are expressly premised on *different* standards of

care and duties applicable to their *different* positions at Home Depot.  (Nystrom Decl. ¶ 6 Ex. B.)  Employees in different positions are not similarly situated.  *See Vasquez v. Cty. of Los Angele*s, 349 F.3d 634, 641 (9th Cir. 2003) (employees "are similarly situated when they have similar jobs and display similar conduct"); *Mitchell v. Nielsen*, No. CV 16-7695 PA (MRWx), 2018 U.S. Dist. LEXIS 76859, at *14 (C.D. Cal. May 7, 2018) (rejecting argument that an employee outside of plaintiff's protected class was treated more favorably because the employee held a different position); *Freitas v. Kyo-Ya Hotels & Resorts, LP*, Nos. 12-cv-00358, 00359 SOM/KSC, 2013 WL 6073455, at *5 (D. Haw. Nov. 18, 2013) (employees not similarly situated because they held different positions).  White cannot show pretext based on how Home Depot disciplined ASM Donna.

### ii.    Alleged Age Discrimination Against Older Employees

In addition to challenging Home Depot's determinations that he committed two major rules violations, White advances three more sweeping arguments of generalized age discrimination at Home Depot against older employees as circumstantial evidence that age discrimination motivated his termination.   After carefully considering each argument, the Court concludes that, whether taken individually or cumulatively, they cannot meet White's burden to show pretext.

***Promotions of Younger Individuals Over White.***  White argues that six or seven employees younger than him were promoted over him throughout his 24-year tenure with Home Depot.  (ECF No. 42 at 11; White Dep. at 26:17–25; 27:1–6.) Although White's age discrimination claim in this suit concerns only his termination[14], out of an abundance of caution the Court considers whether White's

---

[14] White's FEHA age discrimination claim raised in the Complaint does not concern age discrimination on the basis of promotions.  FEHA makes it unlawful for an employer "because of the . . . age . . . of any person, to refuse to hire or employ the person . . . , or to discriminate against

promotions evidence shows "a circumstance suggest[ing] a discriminatory motive" for his termination. *Guz*, 8 P.3d at 1113. The Court concludes that it does not.

Even if six or seven younger employees were promoted over White, White fails to provide substantial and specific evidence of pretext for his termination. There is no evidence concerning most of these promotions, including when they occurred, whether the employees were of equal or inferior qualifications compared to White, or whether there was some other reason why they were promoted.[15] This Court cannot find that the promotion of a handful of younger employees over the course of a 24-year period at a large employer like Home Depot constitutes substantial and specific evidence of pretext for White's 2015 termination.

The sole concrete evidence White identifies is the promotion of (1) a "31 or 32" year old African American man apparently around the time Home Depot hired White in 1991 and (2) the promotions of two employees, a younger man and woman, to ASMs when he was a supervisor in Millworks between 1999 and September 2001 (when he became an ASM). (ECF No. 42 at 11; White Dep. at 13:14–24; 26:4–7; 26:17–25.) Temporal proximity may serve as evidence of pretext. *See Dawson v. Entek*, 630 F.3d 928, 937 (9th Cir. 2011) (temporal proximity can alone constitute sufficient circumstantial evidence for purposes of both the *prima facie* case and pretext); *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 507 (9th

the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

[15] The absence of evidence on this latter point is important. FEHA expressly qualifies what constitutes unlawful age discrimination specifically in the area of promotions: "[p]romotions within the existing staff, hiring or promotion on the basis of experience and training, . . . and prior service with the employer, . . . do not, in and of themselves, constitute unlawful employment practices." Cal. Gov't Code § 12940(a). Although White does not bring an age discrimination claim based on a failure to promote him, his reliance on evidence of Home Depot's promotion of younger employees as circumstantial evidence for his FEHA age discrimination claim colors how such evidence should be viewed.

Cir. 2000) ("[E]vidence based on timing can be sufficient to let the issue go to the jury, even in the face of alternative reasons proffered by the defendant"). But the promotions of a younger employee around 1991 and two other younger employees around 2000 are so temporally removed from White's 2015 termination that the promotions cannot give rise to an inference of age discrimination for White's termination. *See McGill v. Comcast Cable Comm'cns. Mgmt., LLC*, No. 16-cv-05202-NC, 2017 WL 4877449, at *8 (N.D. Cal. Oct. 30, 2017) (gap longer than one year was too long to constitute circumstantial evidence giving rising to an inference pretext); *Guthmann v. Classic Residence Mgmt. Ltd. P'ship*, No. 16-cv-02680-LHK, 2017 WL 3007076, at *16 (N.D. Cal. July 14, 2017) (same).

***"Try[ing] to Bring in Younger People Constantly***. White also contends that "Home Depot tried to bring in younger people constantly." (ECF No. 42 at 4; White Dep. at 32:24–33:1.) White's sole evidence in support of this subjective belief regarding Home Depot's hiring is that Home Depot hired a 23-year-old male employee who had a college degree in late 2014 or 2015. (White Dep. at 33:1–4.) White does not connect this hire to any COS position, his termination, or to any adverse employment action against any older employee at his Home Depot location. Under these circumstances, the Court cannot find that the hire of a younger employee constitutes substantial and specific evidence of pretext for White's termination in April 2015.

***Alleged Systematic Termination of Older Employees***. Finally, White argues that Home Depot "systematically got rid of older employees." (ECF No. 42 at 11.) He contends that "the people that they [Home Depot] managers were getting rid of were all of the older people in the store." (*Id*.; White Dep. 359:10–23.) White's declaration lists several individuals as former employees who, according to White, Home Depot terminated because of their age and without cause "during Plaintiff's

tenure." (White Decl. ¶ 25.) White's speculative and conclusory assertions about the reasons why other individuals were terminated throughout his 24-year tenure with Home Depot cannot create a genuine dispute. *See Schuler v. Chronicle Broadcasting Co. Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986) ("subjective personal judgments do not raise a genuine issue of material fact"); *Schiff v. City & Cty. of San Francisco*, 816 F. Supp. 2d 798, 819 (N.D. Cal. 2011) (finding subjective averments of discrimination in plaintiff's declaration insufficient to survive summary judgment at pretext step of *McDonnell Douglas* framework).

White also proffers declarations of six individuals who state they are former employees Home Depot terminated between 2011 and 2016. (M. Mirch Decl. Exs. 35–40.) Home Depot raises a number of evidentiary objections to these declarations.[16] (ECF Nos. 53-1, 53-2, 53-3, 53-4, 53-5, 53-6, 53-7, 53-8, 53-9.) Five declarations were submitted over two years ago in connection with a different discrimination case against Home Depot before a different judge in this district. (*Compare* M. Mirch Decl. Exs. 36–40 *with Haynes v. Home Depot U.S.A., Inc.*, No. 15-CV-1038-CAB-JLB, ECF Nos. 35–16, 35–17, 35–18, 35–23, 35–24 (S.D. Cal. Mar. 16, 2016)). White does not request judicial notice, nor does he set forth any independent basis by which the Court could take notice of the declarations' contents pursuant to Rule 201.[17] *See* Fed. R. Evid. 201; (*see generally* ECF No. 42; ECF No. 45, M. Mirch Decl. ¶¶ 22–26 (acknowledging that five declarations were "prepared by my law firm in opposition to a motion for summary judgment" in the *Haynes* case without requesting judicial notice or providing any other reason for taking notice of

---

[16] It is not necessary for the Court to wade through the majority of Home Depot's objections because, even considering the declarations, their contents do not alter the Court's resolution of Home Depot's motion.

[17] During oral argument, White's counsel raised for the first time seeking judicial notice of these filings pursuant to Rule 201. Counsel, however, repeated the shortcomings of the summary judgment opposition by failing to identify any grounds for taking judicial notice.

their contents).  Accordingly, the five declarations are not properly before the Court.  *See Steward v. West*, No. CV 13-02449 BRO (JCx), CV 13-02449 BRO (JCx), at *5 (C.D. Cal. Aug. 14, 2014) (declining to take judicial notice of four declarations submitted in connection with a different court proceeding); *Bass v. Cty. of Butte*, CIV-S-02-2443 DFL/CG, 2004 WL 1925468, at *2 n.2 (E.D. Cal. Aug. 6, 2004) ("[Plaintiff] seeks judicial notice of a declaration produced in another case in this district.  But the court may only take judicial notice of the existence of the document as a public record—there must be an independent basis for taking notice of the facts referenced in the declaration."); *Allen v. Pac. Bell*, 212 F. Supp. 2d 1180,1192 (C.D. Cal. 2002).

The only declaration submitted as a part of *this* case is from Amapola Martin, who states that she is a former Home Depot employee who was terminated from the "Home Depot Fairmount Store" in July 2016.  (M. Mirch Decl. Ex. 35 ¶ 4.)  Martin states that between 2002 and 2016, she worked at the Lemon Grove store, followed by the El Cajon store, followed by the Fairmount Store.  (*Id.* ¶¶ 3–4.)  Martin contends that she saw "a trend in terminating older employees" that "was really noticeable around 2014–2016" and then refers only to the fact that she was over 40 years old when she was terminated.  (*Id.* ¶ 25.)  To the extent White attempts to rely on Martin's opinion about a "trend," his attempt is unavailing.  For statistical evidence to raise a triable issue of pretext, it "must show a stark pattern of discrimination unexplainable on grounds other than [the protected characteristic]."  *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 748 (9th Cir. 2003).  In the absence of any corroborating evidence, Martin's subjective belief about her termination and subjective appraisal of a "trend" fall below this standard.  Moreover, White's reliance on the termination of a *single* Home Depot employee at a *different* location terminated *over a year after* him does not rise to the level of substantial and specific evidence of pretext.  *See Hernandez v. DOT*, 702 F. Supp. 2d 1119, 1128 (D. Ariz. 2010) (circumstantial evidence was not

sufficiently specific and substantial for a jury to render a verdict in favor of plaintiff because there was "nothing in the record" showing it occurred at, or near the time, the plaintiff was denied a position); *Lattimore v. Euramax Int'l, Inc*., No. EDCV 16-2156 PSG (KKx), 2017 WL 6886081, at *11 (C.D. Cal. Nov. 8, 2017) (a single email suggesting discriminatory intent did not constitute "the sort of 'specific and substantial' evidence needed to establish pretext" particularly because the termination decision began "several months before email").

Even if the Court considers all the declarations not properly before the Court, White's protestations of pretext ring hollow. "In a large corporation with branch offices throughout the country, the discharge of seven older employees over a two-and-a-half-year period alone does not establish a pattern or practice of discrimination." *Mundy*, 885 F.2d at 545. This is true here. Four declarants vaguely state that they worked "at a store in District 199" and the remaining declarant states he worked at the "Lemon Grove Home Depot" location. Martin states that she worked at the Lemon Grove, El Cajon, and Fairmount locations, although she was ultimately terminated at the latter. Assuming their truth, the declarations show, at best, that Home Depot terminated a handful of older employees over a five-year period at, at least, three to four different locations when accounting for White's termination. As in *Mundy*, neither White, nor any declarant "offers [any] evidence that these terminations were without good cause, or that age was a determining factor in any of them. The fact that other older employees of [Home Depot] were discharged is simply not probative of [Home Depot']s motives for terminating" White. *Id.*; *see also Schechner v. KPIX-TV*, 686 F.3d 1018, 1022 (9th Cir. 2012) (a plaintiff must "show a stark pattern of discrimination unexplainable on grounds other than age").

Moreover, the declarations are not substantial and specific evidence of pretext

on their own terms. Five declarants offer bare and identical averments that Home Depot terminated them and they were over 40 years old. (M. Mirch Decl. Exs. 36, 37, 38.) Two declarants further attest to a subjective belief that their terminations resulted from age discrimination. (*Id.* Exs. 39, 40.) Subjective personal beliefs about the reasons for an adverse employment action are insufficient to withstand summary judgment for an individual plaintiff and they fare no better simply because they are held in unison by other former employees. *See Lindsey v. Shalmy*, 29 F.3d 1382, 1385 (9th Cir. 1994) ("Mere conclusory assertions of discriminatory intent, embodied in affidavits or deposition testimony, cannot be sufficient to avert summary judgment. The court must satisfy itself that there is sufficient direct or circumstantial evidence of intent to create a genuine issue of fact for the jury, before it can deny summary judgment[.]"); *Stucky v. Hawaii*, No. 06-00594 JMS/KSC, 2008 WL 214944, at *16 (D. Haw. Jan. 25, 2008) (finding plaintiff's reliance on "opinions contained in her declaration" and another declaration "to demonstrate that [defendant's explanation is pretext . . . . do not constitute specific and substantial evidence sufficient to overcome summary judgment."). Accordingly, White has failed to produce specific and substantial evidence of pretext. Home Depot is entitled to summary judgment on White's age discrimination claim.

**B.     Claim for Retaliation in Violation of FEHA**

White's third claim is that Home Depot retaliated against him in violation of FEHA for "complaining about illegal conduct in the work place" including "us[e] [of] unqualified contractors and subcontracts," his "taking medical leave," and his complaints about "safety issues within the store." (Compl. ¶¶ 52–53.) White testified that he was retaliated against because of an ankle injury and related workers' compensation claim. (White Dep. 197:23–198:4.) According to White, this retaliation took the form of negative reviews in performance reviews, "specifically,

Plaintiff was given 'I' ratings that were not warranted." (White Decl. ¶ 23.)[18]

FEHA makes it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed *any practices forbidden under this part* or *because the person has filed a complaint, testified, or assisted in any proceeding under this part*." Cal. Gov't Code § 12940(h) (emphasis added). "[T]o establish a *prima facie* case of retaliation under [] FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005); *Light v. Cal. Dep't of Parks & Recreation*, 221 Cal. Rptr. 3d 668, 681 (Cal. Ct. App. 2017). As with disparate treatment claims, the *McDonnell Douglas* framework applies to FEHA retaliation claims. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1243 (9th Cir. 2013). If a plaintiff establishes a *prima facie* case of retaliation, then the burden shifts to the employer to offer a legitimate, non-retaliatory reason for the adverse employment actions. *Cenis v. Winco Holdings, Inc.*, No. 1:17-cv-00863-DAD-JLT, 2018 WL 2412324, at *7

---

[18] Although White claims that "I" ratings in several of his performance reviews were the result of retaliation, White and his counsel offer yet another explanation for White's "I" ratings. White's counsel claims that Home Depot set up "quotas" for how many employees should receive "I" ratings, with "[e]ach store required to have at least three to five 'I's per store per cycle which was every three months." (ECF No. 42 at 2.) Albeit in the context of arguing that punitive damages are warranted, White's counsel further contends that Home Depot had a "roundtable" system for evaluating employees which was intended "to get rid of older and higher paid employees." (*Id.* at 16.) Counsel fails to cite any evidence in the record that corroborates these claims. White's testimony does not corroborate it either. White testified that Home Depot had a "roundtable" system in the early 2000s in which Home Depot store managers would "target" individuals "by write-ups" some of which were "bogus write-ups." (White Dep. at 385:10–15.) White suggested that Carmona followed this process. (*Id.* at 385:15–19.) White further suggested that ASMs were "told" to write-up an employee "costing" Home Depot too much money or for which complaints had been received. (*Id.* at 385:20–24.) Even accepting as true White's account, White's testimony does not connect this alleged roundtable system to an impermissible motivation to discriminate against older Home Depot employees, let alone against White on the basis of his age or to retaliate against him for participating in activities that FEHA protects.

(E.D. Cal. May 25, 2018) (citations omitted).  If the employer produces a legitimate, non-retaliatory reason for the adverse employment action, then the burden shifts back to the employee to prove intentional retaliation.  *Id.*

Home Depot argues that White cannot establish a causal link between his April 2015 termination and the activities for which White claims he suffered retaliation. (ECF No. 30-1 at 10–11.)  This argument misses a threshold issue dispositive of this claim: White has failed to identify an activity the FEHA protects from retaliation.

White contends that he "engaged in a protected activity when he exercised his right to make a workers' compensation claim[.]"  (ECF No. 42 at 8.)  White asserts that in 2011 a Home Depot manager, Melissa Coronado, refused to file an accident report for him for a workers' compensation claim and, after Home Depot approved White for 8 weeks of leave in 2012, the same employee gave him "negative remarks" on his September 26, 2012 performance review.  (ECF No. 42 at 8–9; White Dep. 198:5–200:9; M. Mirch Decl. Ex. 14.)  Specialty Supervisor Rosa Carmona, allegedly was "very negative" with White after he reported her for requiring him to do certain work tasks although he was "under certain work restrictions" after he returned to Home Depot from his medical leave and gave him negative reviews. (ECF No. 42 at 9–10; JSUF ¶ 51.)  Even accepting White's factual averments about mistreatment, none of the conduct resulted from an activity FEHA protects.

To constitute a "protected activity" pursuant to FEHA, an employee must have opposed an employment practice FEHA makes unlawful.  *Dinslage v. City & Cty. of San Francisco*, 209 Cal. Rptr. 3d 809, 820–22 (Cal. Ct. App. 2016).  "'[A]n employee's conduct may constitute protected activity . . . not only when the employee opposes conduct that ultimately is determined to be unlawfully discriminatory under the FEHA, but also when the employee opposes conduct that the employee

reasonably and in good faith believes to be discriminatory, whether or not the challenged conduct is ultimately found to violate the FEHA.'" *Id.* at 819 (citing *Yanowitz*, 116 P.3d at 1130–31). "Merely complaining about Home Depot's actions without also complaining that such actions were the result of discrimination [, however,] is not 'protected activity' within the meaning of FEHA."[19] *Carr v. Home Depot U.S.A., Inc*., No. 17-cv-1377-JM-(JLB), 2018 WL 2329673, at *6 (S.D. Cal. May 23, 2018) (quoting *Haynes v. Home Depot U.S.A., Inc*., No. 15-cv-1038 CAB, 2016 U.S. Dist. LEXIS 194284, *31 (S.D. Cal. May 5, 2016)); *Craig v. Southwest Airlines*, No. ED CV 04-1086-GHK (SSx), 2007 WL 4105980, at *4 n.4 (C.D. Cal. Jan. 25, 2007) (concluding that retaliation based on workers' compensation claim is not a basis for a FEHA claim). White does not allege or provide evidence that he complained to Home Depot about age discrimination, or any other type of discrimination, before or at the time of the alleged retaliation. Accordingly, White has failed to establish the first element of a *prima facie* case of retaliation and Home Depot is entitled to summary judgment.

## C.    Failure to Prevent Discrimination and Retaliation Claim

White raises a fourth claim for failure to prevent discrimination and retaliation in violation of FEHA. (Compl. ¶¶ 59–67.) FEHA makes it unlawful "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring" in the workplace. Cal. Gov't Code § 12940(k). "When a plaintiff seeks to recover damages based on a claim of failure to prevent discrimination or harassment []he must show three essential elements: (1) plaintiff was subjected to discrimination, harassment or retaliation; (2) defendant failed to

---

[19] In his opposition to summary judgment, White also passingly avers that he was retaliated against because he complained about "Home Depot's fraudulent sales practices." (ECF No. 42 at 8.) White does not provide any evidence to substantiate this averment in his declaration (ECF No. 44) or otherwise. Even if he had, complaining about such practices is not activity the FEHA protects.

take all reasonable steps to prevent discrimination, harassment or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Leland v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008) (citation omitted); *see also Lucent Techs*., 642 F.3d at 748 ("[E]mployers are not liable for failing to take necessary steps to prevent discrimination, 'except where the [discriminatory] actions took place and were not prevented.'" (citation omitted)). Home Depot moves for summary judgment on the ground that the failure of White's underlying retaliation and age discrimination claims means White cannot sustain this claim. (ECF No. 30-1 at 20.) White concedes that the claims rise or fall together. (ECF No. 42 at 15.)

A claim for failure to prevent discrimination or retaliation in violation of FEHA is viable only if the defendant has engaged in actionable discrimination or retaliation. *See Trujillo v. N. Cty. Transit Dist*., 73 Cal. Rptr. 2d 596, 601 (Cal. Ct. App. 1998). Absent underlying claims for retaliation and discrimination, White's failure to prevent claim also fails. *See Carr*, 2018 WL 2329673, at *6; *Ricks v. United Air Lines, Inc*., No. C 11-3637 PJH, 2013 WL 1003596, at *18 (N.D. Cal. Mar. 13, 2013) ("There can be no independent claim for failure to prevent discrimination absent an underlying claim of discrimination under FEHA."); *Beagle v. Rite Aid Corp*., No. C 08-1517 PJH, 2009 WL 3112098, at *10 (N.D. Cal. Sept. 23, 2009) (same). Accordingly, without viable claims of discrimination and retaliation, Home Depot is entitled to summary judgment on White's failure to prevent claim.

## D.     Claim for Wrongful Termination in Violation of Public Policy

White's second claim concerns wrongful termination in violation of public policy. (Compl. ¶¶ 42–50.) Specifically, White contends that Home Depot unlawfully terminated him "in violation of the public policy expressed in California

Gov't Code § 12900 et. seq." *i.e.*, the FEHA. (*Id.* ¶ 45.)[20] "A common law claim for wrongful termination in violation of public policy requires a showing that there has been a violation of a fundamental public policy embodied in statute." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017) (citing *Reno v. Baird*, 957 P.2d 1333 (Cal. 1998); *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022 (Cal. 1994)); *see also Sako*, 2015 WL 5022307, at *12. However, when a plaintiff's wrongful termination claim is derivative of an unviable FEHA claim, the wrongful termination claim fails. *Merrick*, 867 F.3d at 1150; *Featherstone v. S. Cal. Permanente Med. Grp.*, 217 Cal. Rptr. 3d 258, 275 (Cal. Ct. App. 2017). Without a viable FEHA claim, Home Depot is entitled to summary judgment on this claim.

## E.     Claim 9: Harassment

White's ninth cause of action concerns harassment in violation of FEHA. (Compl. ¶¶ 97–104.) White alleges that he "was subjected to harassment based on his protected status as a male employee over the age of forty, in his workplace at Home Depot causing a hostile or abusive work environment," and "unwanted harassing conduct." (*Id.* ¶¶ 98–99.) He further alleges that "[d]uring his last year of employment, [he] was repeatedly called an 'old man' and/or 'an old man with an old back.'" (*Id.* ¶ 102.) Although absent from the Complaint, White also contends that

---

[20] White also opposes summary judgment on the ground that he was terminated "in retaliation for his workers' compensation claim." (ECF No. 42 at 14.) The Complaint, however, lacks any claim regarding retaliation for such conduct and instead concerns retaliation in violation of FEHA. (Compl. ¶¶ 51–58.) White has never moved to amend the Complaint to add such a claim of retaliation, nor does he cite to any statutory provisions regarding this claim. "Plaintiff bears the burden of identifying the specific statute(s) or constitutional provision(s) on which" he bases his claim. *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1189 (C.D. Cal. 2013). Moreover, White fails to identify any case in his opposition and thus the Court need not consider this argument further. *See United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (courts need not consider an undeveloped argument that is not supported by citations to authority); *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001) ("A judge is . . . neither required to hunt down arguments [parties] keep camouflaged nor required to address perfunctory and undeveloped arguments.").

several employees "had a running joke" about his "allergy which causes his uvula to swell significantly[.]" (ECF No. 42 at 14.) Specifically, "the girls would say 'Oh, his uterus is swollen up again.'" (*Id.*; White Dep. 37:7–12.) Home Depot argues that White fails to identify conduct sufficient to show harassment. (ECF No. 30-1 at 17.) The Court agrees.

FEHA makes it an unlawful for an employer "because of the . . . age . . . of any person, . . . to discriminate against the person . . . in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a). FEHA also makes it an unlawful employment practice for an employer "because of . . . age, . . . to harass an employee." Cal. Gov't Code § 12940(j)(1). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) []he is a member of a protected group; (2) []he was subjected to harassment because []he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler*, 704 F.3d at 1244 (citing *Aguilar v. Avis Rent A Car Sys, Inc*., 980 P.2d 846, 851 (Cal. 1999)). "To survive summary judgment on a claim of hostile work environment under FEHA, [a] plaintiff must raise a triable issue of fact" regarding any one of these elements. *See Juell*, 456 F. Supp. 2d at 1157.

The third element is particularly important. "A determination of whether conduct qualifies as hostile under this standard includes its frequency, severity, and nature, including whether it is physically threatening or humiliating as opposed to merely verbally offensive." *Cozzi*, 787 F. Supp. 2d at 1070 (citations omitted). "Unlike discrimination claims, harassment 'consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management," such as "hiring and firing, job or project assignments, . . . promotion or demotion, [and] performance evaluations, . . . do not come within the meaning of harassment." *Lawler*, 704 F.3d at 1244 (citing quoting *Reno v. Baird*, 957 P.2d 1336–37 (Cal.

1998)).  The plaintiff must show a "concerted pattern of harassment of a repeated, routine or generalized nature."  *Id*. (citing *Aguilar*, 980 P.2d at 851).  "Like Title VII, FEHA is not a general civility code."  *Juell*, 456 F. Supp. 2d at 1157; *Cozzi v*, 787 F. Supp. 2d at 1070 ("Most importantly, Title VII and FEHA do not proscribe a general civility code in the workplace.").  Thus, "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms or conditions of employment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  "While unkind, [a] single comment does not constitute harassment or create a hostile work environment under FEHA standards."  *Carr*, 2018 WL 2329673, at *7.  White's harassment claim fails under this standard.

First, the Court cannot find that the jokes regarding White's uvula are sufficient to show harassment.  "An employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of *was severe enough or sufficiently pervasive* to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees *because of their* [*age*]."  *Lyle v. Warner Bros. Television Prods*., 132 P.3d 211, 220 (Cal. 2006) (emphasis in original).  Because White premises harassment on his membership in a protected age category, he must show that the comments made to him were age-related.  *See Lawler*, 704 F.3d at 1244 (harassment must result from plaintiff's membership in the protected group); *Landig v. CooperSurgical, Inc*., No. 2:16-cv-07144-CAS(KSx), 2017 WL 5633036, at *18 (C.D. Cal. Nov. 20, 2017); *Dodson v. Fedex Corporate Servs*., No. CV 14-3733-JFW (AGRx), 2015 WL 13358194, at *9 (C.D. Cal. Apr. 6, 2015) (concluding that plaintiff's claim of harassment on the basis of age lacked merit because comments at issue were "facially neutral and do not suggest or evidence the existence of any age-based harassment.").  White, however, fails to show how such comments bear any relation to his membership in a protected age category and, to the contrary, claims it was because

of an allergy.  Even assuming the comments were made by Home Depot employees younger than White, the Court cannot assume on that basis alone that the comments were made because of White's age.  *See Pinder v. Empl. Dev. Dep't*, 227 F. Supp. 3d 1123, 1145 (E.D. Cal. 2017) (reasoning that offensive comments, such as being told to "sit" down in an angry tone, are not racial harassment simply because they are made by persons of a different race).  The record shows that, rather than being age-based, the comments were "simple teasing" and "offhand comments" that do not amount to "discriminatory changes in the 'terms and conditions of employment." *Ayala v. Frito Lay, Inc*., 263 F. Supp. 3d 891, 910 (E.D. Cal. 2017) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *Dodson*, 2015 WL 13358194, at *9.

Second, ASM Donna's comments about "old men" with "bad backs" are also insufficient to sustain White's harassment claim.  The Court has already concluded that the comments are not clearly discriminatory on the basis of age.  Even if the comment could be construed as discriminatory, the comment is not sufficiently severe to constitute harassment.  White at most identifies a single concrete incident in which ASM Donna made a comment about old men.  (White Dep. at 29:17–34:22.) This is insufficient to constitute harassment in violation of FEHA.  *See Day v. Sears Holdings Corp*., 930 F. Supp. 2d 1146, 1195 (C.D. Cal. 2013); *Ramirez v. Salvation Army*, No. C06-0631 TEH., 2008 WL 670153, at *21 (N.D. Cal. Mar. 6, 2008) (granting summary judgment for harassment claim because supervisor's comments in front of customers that young people work faster and that plaintiff was "getting too old" was insufficiently severe and pervasive); *Muller v. Automobile Club of So. California*, 71 Cal. Rptr. 2d 573 (Cal. Ct. App. 1998) (two remarks by a supervisor, and one by a co-worker, did not constitute an actionable "'concerted pattern of harassment of a repeated, routine or a generalized nature'"), *disapproved on other grounds in Colmenares v. Braemar Country Club, Inc*., 63 P.3d 220, 226 n.6 (Cal.

2003); *see also Stevens v. Cty. of San Mateo*, 267 Fed. App'x 684, 686 (9th Cir. 2008) (unpublished) (affirming summary judgment for employer on harassment claim because isolated and sporadic comments, such as a supervisor telling plaintiff that he was an "old lion," "old dog," and "old stupid man," were insufficiently severe and pervasive). Accordingly, the Court grants summary judgment for Home Depot on White's harassment claim.

## F. Intentional and Negligent Infliction of Emotional Distress Claims

White's sixth and seventh claims respectively concern intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). (Compl. ¶¶ 81–86 (IIED); *id.* ¶¶ 87–88 (NIED).) Home Depot moves for summary judgment on these claims, which the Court agrees is warranted.

Home Depot argues that White has failed to identify extreme and outrageous conduct and that personnel conduct cannot serve as the basis for an IIED claim. (ECF No. 30-1 at 18–19.) An IIED claim requires: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct. *Cochran v. Cochran*, 76 Cal. Rptr. 2d 540, 543 (Cal. Ct. App. 1998). "[A]n essential element of such a claim is a pleading of outrageous conduct beyond the bounds of human decency." *Janken v. GM Hughes Electronics*, 53 Cal. Rptr. 2d 741, 756 (Cal. Ct. App. 1996). A plaintiff must surmount a "high bar" to demonstrate severe emotional distress. *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009). "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Id.* (citation omitted).

White argues that his termination as a result of retaliation and age discrimination and being "intentionally harassed by insensitive jokes and intimidation" serve as the basis for this claim. (ECF No. 42 at 14.) However, "even where improper motivation underlies personnel management decisions, the remedy is not in an IIED claim, but in a suit against the employer for discrimination." *Wynes*, 936 F. Supp. 2d at 1194 (citing *Janken*, 53 Cal. Rptr. 2d at 756). Even if White may raise this claim separately from his discrimination, harassment, and retaliation claims, summary judgment on this claims defeats his derivative IIED claim. *See Hawkins v. SimplexGrinnell L.P.*, No. 12-cv-1406-L-BGS, 2014 WL 769345, at *11 (S.D. Cal. Feb. 25, 2014) (citing *Lee v. Eden Med. Ctr.*, 690 F. Supp. 2d 1011, 1022 (N.D. Cal. 2010)) (granting summary judgment on IIED claims because plaintiff failed to provide sufficient evidence to support FEHA claims of harassment, discrimination, and retaliation arising from the same non-outrageous conduct)); *Weiss v. Alere Med., Inc*., No. 3:12-CV-00215-LRH-WGC, 2013 WL 2450598, at *10 (D. Nev. June 5, 2013) (same); *Gutierrez v. Kaiser Found. Hosps., Inc*., No. C 11-3428 CW, 2012 WL 5372607, at *10 (N.D. Cal. Oct. 30, 2012) (same). Home Depot is entitled to summary judgment on White's IIED claim.

Home Depot also argues that White's NIED claim is improper because NIED is not an independent tort but requires a negligence claim—something not alleged in the Complaint. (ECF No. 30-1 at 20; Compl. ¶¶ 87–88.) It is true that "[a]n NIED claim 'is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply.'" *Biggs v. Bank of Am. Corp.*, No. EDCV 15-00267-VAP (KKx), 2015 WL 3465739, at *8 (C.D. Cal. Jun. 1, 2015) (quoting *Wong v. Tai Jing*, 117 Cal. Rptr. 3d 747 (Cal. Ct. App. 2010)); *Bates v. Hartford Life & Accident Ins. Co*., 765 F. Supp. 2d 1218, 1222 (C.D. Cal. 2011). White contends that Home Depot's negligence can be established *per se* because Home Depot "violated certain statutes," namely, "the Labor Code and FEHA

regarding age discrimination." (ECF No. 42 at 15.) Setting aside that White did not plead a negligence claim in the Complaint, the Court has already found that Home Depot is entitled to summary judgment on White's FEHA discrimination and retaliation claims. Therefore, White cannot premise his NIED claim on FEHA's duties of anti-discrimination and anti-retaliation. White's Labor Code claims similarly do not survive summary judgment for reasons the Court will discuss. Thus, Home Depot is entitled to summary judgment on White's NIED claim.

## G. Defamation Claim

White raises an eighth claim for defamation. (Compl. ¶¶ 89–96.) He alleges he was defamed because "Home Depot managers told Plaintiff's fellow employees that he had violated a Home Depot Policy which prohibited employees from buying discounted inventory until a certain amount of time had passed and the inventory was determined to be a final discount." (Compl. ¶ 90; JSUF ¶ 55.) The Complaint identifies April 5, 2015 through the present as the date of publication. (*Id.* ¶ 92.)

Pursuant to California law, defamation is a tort which involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007); *Smith v. Maldonado*, 85 Cal. Rptr. 2d 397, 402 (Cal. Ct. App. 1999). "[D]efamation consists of either libel or slander; 'slander' is false and unprivileged publication, orally uttered, which tends directly to injure person in respect to his office, profession, trade or business, by imputing to him general disqualifications in those respects which office or other occupation peculiarly requires." *Lee v. Eden Med. Ctr.*, 690 F. Supp. 2d 1011, 1023 (N.D. Cal. 2010) (citing Cal. Civ. Code § 46). Because summary judgment is a favored remedy for defamation claims, the plaintiff bears a heavy burden to show a triable issue exists and that there is "high probability the plaintiff will ultimately prevail." *Couch v. San*

*Juan Unified Sch. Dist.*, 33 Cal. 39 Cal. Rptr. 2d 848, 853 (Cal. Ct. App. 1995); *see also D.A.R.E. Am. v. Rolling Stone Magazine*, 101 F. Supp. 2d 1270, 1278 (C.D. Cal. 2000) (noting that although "it is pointless to declare in the abstract that summary judgment is a favored or disfavored remedy," courts may find "no triable issues unless it appears that actual malice may be proved at trial by clear and convincing evidence") (quoting *Bose Corp. v. Consumers Union*, 466 U.S. 485, 498, (1984)).

### 1.    Pleading Deficiencies and Evidentiary Shortcomings

As an initial matter, there are fundamental deficiencies with White's defamation claim as pleaded.  A plaintiff claiming defamation must identify the person who made the statement at issue and to whom it was made.  *See Wheeler v. Home Depot U.S.A., Inc*., No. 15-cv-2236-CAB-AGS, 2017 WL 1080691, at *11 (S.D. Cal. Mar. 22, 2017) (citing CACI (2018) Nos. 1704 and 1705; *Matson v. Dvorak*, 46 Cal. Rptr. 2d 880 (Cal. Ct. App. 1995) (to be actionable, the publication must in fact be made by the defendant)).  White's vague references to "Home Depot managers" and "fellow employees" fails to plead defamation with the requisite particularity.  *See Hardin v. Mendocino Coast Dist. Hosp*., No. 17-cv-05554-JST, 2018 WL 6331009, at *4 (N.D. Cal. Dec. 4, 2018) (finding insufficient allegations that statements were made to "numerous employees"); *PAI Corp. v. Integrated Sci. Sols., Inc*., No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *9 (N.D. Cal. Apr. 25, 2007) (similar).  The parties' joint statement of undisputed facts echoes these deficiencies by parroting White's defamation claim as pleaded.  (*See* JSUF ¶ 55 (citing Compl. ¶ 90).)

However, in opposition to summary judgment, White tethers his defamation claim to his underlying age discrimination and retaliation claims.  He contends that ASM Donna defamed him by telling other "Home Depot employees" that he was terminated because of the wine cooler purchase when age discrimination and

retaliation were the true reason. (ECF No. 42 at 15.) A defamation claim premised on these factual allegations is not properly before the Court as White never alleged that ASM Donna defamed him in this manner. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[W]here . . . the complaint does not include the necessary factual allegations . . . raising such a claim in a summary judgment motion is insufficient to present the claim to the district court"). But even accepting White's new identification of ASM Donna and her alleged defamatory statements, (ECF No. 42 at 15), White's defamation claim lacks evidence. The Court's determination that White's age discrimination and retaliation claims are subject to dismissal vitiates the gravamen of the ASM Donna's alleged defamation in these new factual allegations. White does not otherwise identify *through record evidence* a single Home Depot employee to whom Donna made the alleged defamatory statement regarding White's purchase of the wine cooler. Instead, White's counsel (1) cites to a portion of White's deposition that does not concern any facts underlying his defamation claim, (*see* ECF No. 42 at 15 (citing White Dep. at 7–16, 4–17)), and (2) names several Home Depot employees without providing any evidentiary support in the record, including White's own deposition testimony. (*Id.* (counsel merely names "Paul," "all of the salespeople in the appliance department, and Roseanne George, A.J. Smith[]") These unsupported averments are insufficient at summary judgment. *See* Fed. R. Civ. 56(c)(1)(A); *see also Sorensen*, 2017 WL 6550426, at *12. It would be proper for the Court to grant summary judgment on White's defamation claim on these grounds alone. *See Wheeler*, 2017 WL 1080691, at *11 (lack of any evidence for defamation claim warranted summary judgment).

### 2.     The Common Interest Privilege

Even if White's claim was adequately fleshed out, Home Depot further contends that any alleged defamatory statements are protected by the common interest privilege. (ECF No. 30 at 12.) The Court agrees. California Civil Code

Section 47 provides in relevant part that, "[a] privileged publication or broadcast is one made. . . (c) [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code, § 47. "Th[e] common interest privilege . . . has been determined to apply to statements by management and coworkers to other coworkers explaining why an employer disciplined an employee." *McGrory v. Applied Signal Tech., Inc*., 152 Cal. Rptr. 3d 154, 176 (Cal. Ct. App. 2013). "Under Civil Code section 47, subdivision (c), defendant generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to plaintiff to establish that the statement was made with malice." *Taus*, 151 P.3d at 1210. Application of the privilege is a question of law where the facts that are alleged to give rise to the privilege are undisputed. *SDV/ACCI, Inc. v. AT & T Corp*., 522 F.3d 955, 961 (9th Cir. 2008).

White does not controvert that ASM Donna's alleged statements were made only to Home Depot employees and concerned a disciplinary action taken against him by Home Depot. It is undisputed that Home Depot determined that White violated its Associate Purchases policy after an AACG investigation. (Brown Decl. ¶ 13 Ex. Z, AA, BB.) These facts give rise to application of the privilege. *See Jacques v. Bank of Am. Corp*., No. 1:12-cv-00821-SAB, 2016 WL 4548863, at *17 (E.D. Cal. Aug. 31, 2016); *McGrory*, 152 Cal. Rptr. 3d at 176. To create a triable issue, White must provide evidence that ASM Donna made the alleged statements with malice. "[T]he issue is not the truth or falsity of the statements but whether they were made recklessly without reasonable belief in their truth." *Cuenca v. Safeway San Francisco Employees Fed. Credit Union*, 225 Cal. Rptr. 852, 859 (Cal. Ct. App. 1986); *see also Rangel v. Am. Med. Response West*, No. 1:09-cv-01467-AWI-BAM,

2013 WL 1785907, at \*19 (E.D. Cal. Apr. 25, 2013). White does not contend, nor provide evidence on malice, leaving the mere assertion that ASM Donna made the alleged statements as the purported proof of malice. "Insofar as the common-interest privilege is concerned, malice is not inferred from the communication itself." *Noel v. River Hills Wilsons, Inc*., 7 Cal. Rptr. 3d 216, 221 (Cal. Ct. App. 2003); *see also Thomsen v. Georgia-Pacific Corrugated, LLC*, 190 F. Supp. 3d 959, 975 (E.D. Cal. 2016). Home Depot is entitled to summary judgment on White's defamation claim.

## H. Claim for Wages Pursuant to California Labor Code

White's first claim raised in the Complaint is for unpaid wages pursuant to various provisions of the California Labor Code. (Compl. ¶¶ 34–41.) White alleges that he was a non-exempt hourly employee in his last four years with Home Depot and (1) performed overtime work for which Home Depot did not pay him because he had to answer texts and phone calls "off the clock," which pushed him over 40 hours of work on a weekly basis, and (2) Home Depot did not provide required meal or rest break periods because his position did not allow for or discouraged breaks, and he did not receive uninterrupted break periods because other associates would constantly ask him questions in the authorized break room. (*Id.* at ¶¶ 35, 38–39.) White raises these claims independently of his assertions of discrimination.

### 1. Statute of Limitations

Home Depot argues that any claims that concern wages not paid before February 3, 2013 are barred by the statute of limitations. (ECF No. 30 at 22.) The limitations period applicable to wage claims is generally three years. Cal Civ. P. § 338(a); *Murphy v. Kenneth Cole Prods., Inc*., 155 P.3d 284 (2007) (wages for unpaid breaks and meal periods); *Aubry v. Goldhor*, 247 Cal. Rptr. 205, 207 (Cal. Ct. App. 1988) (overtime wages). As a practical matter, however, the limitations period is four years if the plaintiff raises a claim pursuant to California's Unfair Competition

Law ("UCL"), Cal. Bus. & Prof. Code § 17208. *Cortez v. Purolator Air Filtration Products Co*., 999 P.2d 706, 716 (Cal. 2000). Home Depot applies a four-year limitations period to White's wage claims because he raises a UCL claim. (ECF No. 30 at 22 n.7.)

Pursuant to California law, claims for unpaid wages are timely as to all paydays falling within the relevant limitations period. *Cuadra v. Millan*, 952 P.2d 704, 707 (Cal. 1998), *disapproved on other grounds by Samuels v. Mix*, 989 P.2d 701 (Cal. 1999). Claims for unpaid breaks and meal periods accrue upon the employer's "failure to provide required meal and rest breaks." *Kirby v. Immoos Fire Protection, Inc*., 274 P.3d 1160, 1168 (Cal. 2012). A plaintiff may recover for each missed break and meal period during the statute of limitations. *See Van v. Language Line Servs.*, No. 14-cv-03791-LHK, 2016 WL 3143951, at *12 (N.D. Cal. June 6, 2016); *Delgado v. Deanda*, No. C10-02799 HRL, 2011 WL 7946405, at *3 (N.D. Cal. Nov. 23, 2011). White did not file his Complaint until February 3, 2017, which would bar any claims that accrued prior to February 3, 2013. (ECF No. 1.) White concedes that he "is not seeking unpaid wages for any time prior to February 3, 2013." (ECF No. 42 at 16.) Thus, the relevant time period for White's wage claims is February 3, 2013 through his April 5, 2015 termination.

### 2. Alleged Unpaid Overtime Wages

California law requires employers to pay non-exempt employees "no less than one and one-half times the regular rate of pay for an employee" for "any work in excess of 40 hours in any one workweek." Cal. Lab. Code § 510(a). An employee may establish that an employer is liable for unpaid wages based on work allegedly performed off-the-clock if the employer "knew or should have known that off the-clock work" actually occurred. *Brinker Rest. Corp. v. Superior Ct*., 273 P.3d 513, 544 (Cal. 2012). California courts recognize a presumption that employees are doing

no work while clocked out, which employees have the burden to rebut.  *Id.*  While an employer's actual or constructive knowledge of the hours its employees work is an issue of fact, on summary judgment the Court must determine whether evidence has been presented that would support a finding that off-the-clock work occurred without such knowledge.  *Jong v. Kaiser Health Found., Inc*., 171 Cal. Rptr. 3d 874, 881 (Cal. Ct. App. 2014).

Home Depot provides evidence that it had a policy prohibiting hourly employees from working off the clock, including specifically pursuant to California law, which White acknowledged in 2012.  (ECF No. 30 at 22; White Dep. at 245:1–246:12; Brown Decl. ¶ 4 Ex. C; *id*. ¶ 7 Ex G.)  It is undisputed that White understood he had to punch in and out of Home Depot's timekeeping system.  (JSUF ¶ 13.)  Home Depot additionally provides copies of White's January 2013 through April 2015 time records, which show when White clocked in and out of work.  (Brown Decl. ¶ 7 Ex. H.)  When a defendant's off-the-clock policy disavows such work, as consistent with state law, an employee's clocking out creates a presumption they are doing no work.  *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513 (Cal. 2012).  This evidence thus creates a presumption that White did no work after he clocked out.  White fails to overcome this presumption.

"To prove an off-the-clock claim, a plaintiff must demonstrate that *she actually worked off the clock*, that she was not compensated for it, and that the employer was aware or should have been aware that she was performing off the clock work."  *Ortiz v. CVS Caremark Corp*., No. C-12-05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014) (emphasis added); *York v. Starbucks Corp*., No. CV 08-07919 GAF (PJWx), 2011 WL 8199987, at *29 (C.D. Cal. Nov. 23, 2011) ("In other words, proof of an off-the-clock claim requires proof that the employer had actual or constructive knowledge *that [the plaintiff] performed work for which she was not paid*." (citing

*White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1083 (N.D. Cal. 2007)). White's summary judgment opposition regarding his unpaid overtime claim fails to raise a genuine dispute of material fact.

White's counsel first contends that "oftentimes, White clocked out at the end of his shift at HD," but then "would stop at a customer's place to check on the progress of the order." (ECF No. 42 at 16.) There is no evidence in the record substantiating counsel's averment. Therefore, it is not sufficient to overcome summary judgment. White does declare that "[t]here were times" when "it was impossible to complete the work assigned to him without working off the clock" and he "could not get his work done without incurring overtime." (White Decl. ¶¶ 21–22.) At his deposition, however, when asked whether he worked off the clock, White testified: "I did not work off the clock." (White Dep. at 249:11–15.) In view of his earlier testimony, White's subsequent assertion in his summary judgment affidavit cannot show a genuine dispute of material fact. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 n.2 (9th Cir. 2001) ("A party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts."); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony").

Second, White's counsel also contends that White was forced to work off the clock because after clocking out, he was required to wait in line for approval to leave. (ECF No. 42 at 16.) White declares that Home Depot made him work off the clock for standing in line waiting for approval. (White Decl. ¶ 22.) This subsequent assertion in White's summary judgment affidavit similarly contradicts White's deposition admission that he did not perform work off the clock. *See Block*, 253 F.3d at 419 n. 2; *Kennedy v*, 952 F.2d at 266. Further, "[t]he Ninth Circuit 'has refused to

find a 'genuine issue [of fact]' where the only evidence presented is 'uncorroborated and self-serving' testimony.'" *Cole v. CRST, Inc*., No. 08-1570-VPA (SPx), 2017 WL 1234215, at *6 (C.D. Cal. Mar. 30, 2017) (citing *Villiarimo*, 281 F.3d at 1061). Accordingly, the Court concludes that Home Depot is entitled to summary judgment on White's claim for unpaid overtime wages.

### 3.    Meal Breaks

Home Depot's meal breaks obligations are "governed by two complementary and occasionally overlapping sources of authority: the provisions of the [California] Labor Code, enacted by the Legislature, and a series of 18 wage orders, adopted by the [Industrial Welfare Commission ("IWC")]." *Brinker Rest. Corp.*, 273 P.3d at 527.   Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission[.]" Cal. Lab. Code. § 226.7(b).  Labor Code § 512(a) in turn requires an employer to provide an employee working for a period of more than five hours a day with a meal period of not less than 30 minutes." Cal. Labor Code § 512(a); *see also* Wage Order 16-2001, §§ 10, 11.  "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Cal. Lab. Code § 226.7(c).

Home Depot argues that White's time records "plainly reflect that White took every lunch period to which he was entitled" and "White admitted at deposition that he never performed work while off-the-clock."  (ECF No. 30 at 23; White Dep. at 249:10–15.)  Home Depot's Timekeeping Policy requires associates to "clock out for meal breaks and clock back in before returning to work."  (Brown Decl. Ex. G at 35.)

In his opposition, White fails to address Home Depot's argument regarding meal breaks. (ECF No. 42 at 16.) The Court has reviewed the time records submitted by Home Depot for the relevant time period, which generally reflect that White clocked out in the middle of each work day for roughly 30 minutes. (*See generally* Brown Decl. Ex. H.) Home Depot expressly acknowledges that White's time records reflect that White twice took less than a 30-minute break for lunch and was "immediately" compensated with an one hour of pay for each occasion. (ECF No. 3- at 23 n.8; Brown Decl. Ex. H at 98, 102.) Notwithstanding Home Depot's express reference to these instances, White does not even attempt to premise his meals break claim on them. It is not the Court's duty to make White's summary judgment arguments for him and the Court will not do so. *See Wright v. Old Gringo Inc.*, No. 17-cv-1996-BAS-MSB, 2018 WL 6568199, at * 12 (S.D. Cal. Dec. 13, 2018); *Bladeroom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD, 2018 WL 514923, at *6 (N.D. Cal. Jan. 23, 2018) ("[I]t is not the Court's duty to create arguments or find evidence" for the parties at the summary judgment stage); *Blankenship v. Cox*, No. 3:05-CV-00357-RAM, 2007 WL 844891, at *12 (D. Nev. Mar. 19, 2007) ("It is not the court's duty to do Defendants' legal research."). Accordingly, in the absence of argument and evidence from White, the Court concludes White has failed to show a genuine dispute and grants summary judgment to Home Depot.

### 4.    Rest Breaks

California law also requires that employers provide a non-exempt employee with an uninterrupted, ten-minute rest break for every four hours of work performed. *See* Cal. Lab. Code § 226.7; Wage Order 16-2001, § 12. Home Depot argues that (1) Home Depot's Timekeeping Policy informs hourly associates in California that they are required to a 10-minute break for each 4 hours of work during which associates "should be relieved of all duty" and (2) White fails to produce "evidence suggesting that Home Depot discouraged or prevented him taking rest breaks." (ECF No. 30 at

24; Brown Decl. ¶ 7 Ex. G.)  The Court agrees that summary judgment is warranted.

Much of White's rest breaks claim—which concerns Home Depot's alleged failure to ensure that White's breaks would not be interrupted—is not actionable as pleaded.  California law "only requires employers to make rest breaks available, but does not require employers to ensure that employees actually take their rest periods." *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 953 (N.D. Cal. 2016) (citation omitted);  *Lanzarone v. Guardsmark Holdings, Inc*., No CV06-1136 R (PLAx), 2006 WL 4393465, *6 (C.D. Cal. 2006) ("Under California law, rest periods need only be authorized and permitted, they need not be enforced or actually taken."). Thus, "[w]ork by an employee during a break does not, by itself, breach the employer's obligation to provide the break."  *Safeway, Inc. v. Superior Court of Los Angeles Cty.*, 190 Cal. Rptr. 3d 131, 138 (Cal. Ct. App. 2015).  In opposition to summary judgment, White's counsel contends that "White often missed rest periods, not of his own choosing, but because he was helping customers, which is the number one priority of HD." (ECF No. 42 at 16.)  Counsel cites no evidence in the record to substantiate this assertion and White's declaration does not address it—or rest breaks—at all.  (*Id.*; *see generally* White Decl.)  Accordingly, the Court concludes that White has failed to show there is a genuine dispute regarding this claim.  Home Depot is entitled to summary judgment.

## I.    Violation of California Business and Professions Code

White alleges that Home Depot violated the UCL by failing to pay him all wages due, requiring him to work during meal and rest periods, and for "[d]iscriminating against older, more highly compensated workers, such as the Plaintiff in violation of California's Fair Employment and Housing Act." (Compl. ¶ 106.)  In opposing summary judgment, White further premises this claim on violations of California wage laws. (ECF No. 42 at 16.)  The UCL prohibits "any

17cv752

unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The unlawful prong of Section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under Section 17200. *Lagatree v. Luce, Forward, Hamilton & Scripps*, 88 Cal. Rptr. 2d 664, 668 n.1 (Cal. Ct. App. 1990). Because the Court has granted summary judgment for Home Depot on all underlying laws that could comprise the basis for White's "unlawful" prong UCL claim, Home Depot is entitled to summary judgment on this claim well.

## J.    Punitive Damages

Finally, Home Depot moves for summary judgment on White's request for punitive damages. (ECF No. 30 at 24–25.) Punitive damages are authorized by California Civil Code Section 3294, which requires the plaintiff prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Because the Court has granted summary judgment for Home Depot on the claims for which White seeks punitive damages, Home Depot is also entitled to summary judgment on White's request for punitive damages. *See Sako*, 2015 WL 5022307, at *21 (granting summary judgment on request for punitive damages because court granted defendants' motion for summary judgment on the underlying related claims); *Munson v. Splice Commc'ns, Inc.*, No. 12-cv-5089-JCS, 2013 WL 6659454, at *24 (N.D. Cal. Dec.16, 2013) (same).

## CONCLUSION & ORDER

For the foregoing reasons, the Court hereby **ORDERS** that:

1.     The Court **GRANTS** Home Depot's motion for summary judgment in its entirety. (ECF No. 30.)

2.     The Court **DISMISSES WITH PREJUDICE** White's claims in his Complaint. (ECF No. 1 Ex. A.)

3.     Pursuant to Rule 58, the Clerk of the Court **SHALL ENTER A FINAL**

**JUDGMENT** for Home Depot and against White in a separate document.

        4.      After entry of final judgment, the Clerk **SHALL CLOSE** this case.

     **IT IS SO ORDERED.**

**DATED:  March 13, 2019**

Hon. Cynthia Bashant
United States District Judge